EASTERN DIST.
<i>December,</i> 1840.

HEATH & CO.
<i>vs.</i>
VAUGHT ET AL.,
DOUGHERTY
& CO.
INTERVENORS.

---

HEATH & CO. *vs.* VAUGHT ET AL : DOUGHERTY & CO.
INTERVENORS.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

The plaintiff who is non-suited, may take a suspensive appeal on giving security to cover all costs; and his right to appeal from such a judgment, is too plain to be questioned, whatever may be its affect upon third parties.

Where counsel alleges the appellee is not a resident of the state, he will not be allowed to contradict his allegation, and object to service of citation, made on him as his attorney.

The endorsee of a note, who sues the maker, and fails to prove the signature of the payee or endorser, will be non-suited.

Where a creditor sues the captain of a steam-boat as owner, and as the representative of the other owner, he cannot claim a privilege on the proceeds of the boat for the price of goods sold to the captain, to sell again for profit.

EASTERN DIST.
December, 1840.

HEATH & CO.
vs.
VAUGHT ET AL.,
DOUGHERTY
& CO.
INTERVENORS.

This is an action against W. C. & D. Vaught, on their note, for six hundred and thirty-six dollars, payable to Walton & Co., in which the steam-boat Walker was attached as being commanded by one, and alleged to be owned in part by both.

Dougherty & Co. intervened, and claimed the sum of nine hundred and eight dollars seventy-four cents for supplies furnished said boat at the instance of W. D. Vaught, the captain and part owner, and due them by privilege on the boat.

A. St. Clair also sued Vaught on his draft for two thousand three hundred and twenty-six dollars, drawn on Ricker, Hadley, Davis & Co., and protested for non-acceptance, which he alleges was for advances and supplies furnished captain Vaught, for and on account of said steam-boat. He claims a privilege for the amount of his demand.

There were various other claimants and intervenors, for privileged demands against the boat. It was in the meantime sold by the sheriff, for the sum of four thousand one hundred and fifty dollars. There was judgment distributing the proceeds among the several claimants and creditors, according to their rank.

Dougherty & Co., and St. Clair, had their claims allowed, partly as privileged, and partly as ordinary creditors. The balance of one hundred and eighteen dollars, was ordered to be paid to the owners, Walker & Roberts; Walton & Co's. claim was rejected for want of proof; Heath & Co. were considered as creditors of W. C. & D. Vaught only; having no claim on the owners of the boat; both of these last claimants were non-suited! Heath & Co. and St. Clair, both appealed. The appeal bond was given payable to the " owners of the steam-boat Walker and claimants."

*I. W. Smith,* for the plaintiffs and appellants.

1. Appellants were the first attaching creditors. They seized the steamer as the property of W. C. & D. Vaught & Co. No one has intervened claiming to be owner of the boat. The subsequent claims of privilege, whether arising from the

EASTERN DIST.
*December,* 1840.

HEATH & CO.
*vs.*
VAUGHT ET AL.,
DOUGHERTY
& CO.
INTERVENORS.

nature of the demand, or from the levying of the attachments, are in effect interventions or third oppositions to our claim of privilege, on the property in our possession by prior attachment. None of the subsequent claimants has shown that W. C. & D. Vaught & Co., were not the owners. The burden of this proof, lay upon those claimants. Our first attachment confers a privilege over all the other attaching creditors on the proceeds of the boat.

2. The judgment appealed from, is contradictory. The court, on the strength of W. C. & D. Vaught's confession, give judgment to J. S. Dougherty & Co., with privilege for five hundred and six dollars seventy-three cents, while in reference to claim of appellants, the court decides that the Vaughts are not the owners of the boat.

3. The judge *a quo* erred materially as to the facts in the case. They were not as he considered them to be in the reasons for his judgment.

*Vason,* for Dougherty & Co. appellees, moved to dismiss the appeal, for want of a sufficient appeal bond to stay execution, and because the appellants had no right to appeal from a judgment in favor of these appellees; it not being a judgment against them, and they cannot be aggrieved by it. 12 *Louisiana Reports,* 387.

2. They have not caused all the parties to said judgment to be cited and made parties to the appeal; and citation of appeal was served on the attorney of the appellees.

*Vason,* for Walker & Roberts, the owners of the steamboat, prayed the affirmance of the judgment appealed from; that W. C. & D. Vaught were in no way liable for the claim of the appellants, not being owners of the boat, and the claim against them being for goods sold them, and not for articles furnished the boat.

*Elwyn,* and *Anderson,* for St. Clair, insisted that he should have been allowed the whole of his demand, being the first attaching creditor after Heath & Co., whose claim was against the Vaughts, who had no interest in the boat.

EASTERN DIST.
*December*, 1840.

HEATH & CO.
*vs.*
VAUGHT ET AL.,
DOUGHERTY
& CO.
INTERVENORS.

*Garland, J.*, delivered the opinion of the court.

On the 8th of July, 1839, S. Heath & Co. instituted their suit against W. C. & D. Vaught & Co., in the commercial court, as endorsees of a promissory note for six hundred and thirty-six dollars and thirty-five cents, with interest and costs of protest, alleging that said Vaught & Co. were a commercial firm doing business in New-Orleans; that W. C. Vaught was a resident of Mississippi, but had property in this state, which they pray may be attached and sold to satisfy their demand. The attachment was placed in the hands of the sheriff, at fifteen minutes before three o'clock, and levied on the steam-boat Walker, her machinery and furniture. On the same day a citation was served in person on W. C. Vaught, but that directed to D. Vaught was never served, as the sheriff says he could not find him.

To this petition an answer was filed, on the 31st of October, 1839, by counsel appointed to represent the defendants, denying, generally, the plaintiffs' demand.

On the same day that Heath & Co. commenced their suit in the Commercial Court, Amos St. Clair instituted a suit in the District Court, alleging "that the steam-boat Walker, Captain W. C. Vaught and owners, whose names are unknown, were indebted to him two thousand three hundred and twenty-six dollars and fifty cents. This sum is made up by a note for three hundred and sixty-one dollars and fifty cents, made payable to St. Clair, signed " W. C. Vaught, master of S. B. Walker," also a draft drawn by Vaught on Ricker, Hadley, Davis & Co., for one thousand nine hundred dollars, which he directs to be charged "to account S. Bt. Walker and owners," acceptance of which was refused and protest made, and a receipt for sixty-five dollars given to St. Clair, by James Melmoth, " for services on steam-boat Walker." It is further alleged, that the note, draft and receipt were " on account of necessary supplies and moneys advanced for the use and benefit of said steam-boat Walker." The petition concludes, by praying that said Vaught, in his own behalf, and the said unknown owners of said steam-boat, by process to be served

EASTERN DIST.
December, 1840.

HEATH & CO.
vs.
VAUGHT ET AL.
DOUGHERTY
& CO.
INTERVENORS.

upon said W. C. Vaught, captain of said boat, be cited to appear," and that judgment be rendered in his favor, which shall operate as "a privilege on said boat attached." Affidavit was made that Vaught and the owners of the boat were indebted the amount claimed, and that he and the owners reside out of the state; upon which an attachment issued that was placed in the hands of the sheriff on the same day at three o'clock, which was levied on the aforesaid steam-boat, which the sheriff says he had previously seized, at the suit of Heath & Co. Personal service of the petition and citation was made on Vaught, on the 10th of the same month. On the 1st of August, a citation was issued, directed to "the owners of the steam-boat Walker," which the sheriff returns as served, on the 6th, by leaving the same on board the boat, with L. N. Gavin, the sheriff's keeper. On the 9th of August, W. F. Walker and ——— Roberts file their answer, stating they are the joint and part owners of the steam-boat, and are not liable for the amount of the draft, note or receipt, as they were not given for supplies furnished or advances made for the use and benefit of the boat, but were for the individual debts of Vaught, the master. They, therefore, pray the demand be rejected.

On the 27th of July, 1839, J. S. Dougherty & Co. present their petition to the Commercial Court, alleging that the steam boat Walker, and William Vaught, master and part owner thereof, and the other part owners, whose residence is unknown, are indebted to them in the sum of nine hundred and eight dollars and seventy-four cents, for provisions, stores and groceries, sold and delivered for the use of said boat, and money advanced to pay seamen and hands on board, for which they claim a lien or privilege. When the petition was filed, an acceptance of service and confession of judgment was written on it, signed by W. C. Vaught, in conformity with which, a judgment was forthwith rendered by the court for the sum claimed, and the privilege recognized. Two days after an execution issued on it, the steam-boat was sold for four thousand one hundred and fifty dollars, cash, and the

EASTERN DIST. money held by the sheriff, subject to the different claimants
*December*, 1840. upon it.

HEATH & CO.
*vs.*
VAUGHT ET AL.,
DOUGHERTY & CO
INTERVENORS.

During the pendency of these different suits, numerous interventions were filed in them, in the Commercial and District Courts, by the pilots, engineers, firemen, deck-hands, stewards, clerks and many others, claiming various sums for services and supplies, and claiming privileges; finally, by consent of all parties, the record in the case of St. Clair, against *the steam-boat*, with *the interventions* filed in it, was removed from the District into the Commercial Court, and all parties proceeded as in a *concurso*, to establish their claims and privileges upon the common fund, and to contest the rights of each other. Upon a full examination, the judge made a tableau, setting forth the amount of the claims allowed, those having privileges of the first, second and third classes, and the sums allowed as ordinary debts. He further decreed, that there be a judgment of non-suit against St. Clair, for the sum of sixteen hundred dollars, part of his claim, allowing the remainder as a debt against the boat. He also gave judgment of non-suit against Walton & Co., who had intervened, and against Heath & Co., who first sued.

From this judgment Heath & Co. appealed, and St. Clair, after appearing and asking that the judgment be amended in his favor, has also appealed.

The first question to consider here is, a motion *to dismiss* the appeal of Heath & Co., (upon which all the others stand,) made by the counsel for Dougherty & Co.

The first ground is, no legal bond has been given. The appeal is a suspensive one, and the bond is for two hundred dollars, with the usual condition, that they prosecute their appeal with effect, and satisfy whatever judgment may be rendered against them. The fund out of which all the claims were to be paid was in court, it is, therefore, only necessary to inquire what judgment the court can render, to determine the sufficiency of the bond. If the appeal shall be successful, then Heath & Co. are not liable for any thing, if they are

unsuccessful, they are only liable for costs. The bond is very ample to cover them.

The second ground for dismissal is, that they have no right to appeal. Heath & Co. have had a judgment of non-suit rendered against them, in a suit which they had a right to commence, and we hold their right to appeal from the decision, too plain to be questioned; its effects upon third parties, in a trial upon the merits, may be a different question.

The third cause for dismissal is, the appellants have not caused all the parties to the judgment to be cited. Dougherty & Co. do not complain that they are not cited, but that W. C. Vaught has not been notified. From an examination of the record, we see these appellees suing Vaught, as part owner of the steam-boat, and holding him liable as such. This allegation is made by the counsel who makes this motion, who further alleges, that Vaught is not a resident of the state; we subsequently find the same gentleman representing him against the attack of Heath & Co., and in another place defending the owners of the boat against St. Clair. On referring to the batch of citations, we find one directed to the owners of the boat, and served on the counsel himself, and as we suppose he and his client consider their allegation true, we will hold them to it, and consider the notices sufficient. When the counsel shall change his position, and as the representative of Vaught ask us to take care of his rights, we will take them into consideration.

We find a bill of exception on the record, taken by the counsel of St. Clair, to the admission of Dougherty as a witness against his claim. We have no doubt the judge erred in admitting the witness, but as we can decide the cause upon the other testimony, it is not necessary further to consider it.

In the argument of the cause, the claims of Heath & Co., St. Clair, Dougherty & Co., Walton & Co., and the propriety of ordering the balance of the proceeds of the boat to be paid to Walker and Roberts, have only been discussed. It is admitted the judgment is correct, in relation to the privilege claims.

---

EASTERN DIST.
December, 1840.

HEATH & CO.
vs.
VAUGHT ET AL.,
DOUGHERTY
& CO.
INTERVENORS.

The plaintiff who is non-suited, may take a suspensive appeal on giving security to cover all costs, and his right to appeal from such a judgment is too plain to be questioned whatever may be its affect upon third parties.

Where counsel alleges the appellee is not a resident of the state, he will not be allowed to contradict his allegation, and object to service of citation, made on him as his attorney.

EASTERN DIST.
*December*, 1840.

HEATH & CO.
*vs.*
VAUGHT ET AL.,
DOUGHERTY
& CO.
INTERVENORS.

The endorsee of a note who sues the maker, and fails to prove the signature of the payee or endorser, will be non-suited.

Where a creditor sues the captain of a steamboat as owner and as the representative of the other owner he cannot claim a privilege on the proceeds of the boat, for the price of goods sold to the captain, to sell again for profit.

The demand of Heath & Co. is not for supplies for the boat. It is a debt of W. C. & D. Vaught & Co.; it is not alleged they were owners, or had any thing to do with, or any property in the steamer. The note was endorsed to claimants, by Walton & Co., and they have no lien or privilege, other than what their seizure under the attachment gives them. To maintain that, it was necessary to make out such a case as would entitle them to a judgment, which they have not. We have examined the testimony taken down and sent up to us, and find no proof of the endorsement of Walton & Co. on the note. Stevenson proves the signature of Vaught & Co., but says nothing about that of the endorsers. The court was, therefore, correct in rendering a judgment of non-suit.

From a careful examination of the testimony of Stevenson, St. Clair's own witness, we are satisfied fully as much has been allowed him as he was entitled to, for supplies furnished and money advanced, on account of the steam-boat. He did not sue Vaught, personally, but as owner and captain made him the representative of the other owners. In this form of action he cannot recover and have a privilege on the proceeds of the boat, for goods sold to him to sell again for a profit. The judgment as to him, is, in our opinion, correct.

The claim of Dougherty & Co. appears to be sufficiently established, and we see no reason for interfering with the judgment, in that respect.

Walton & Co. offered no evidence of the validity of their claim, it was, therefore, properly dismissed.

After discharging all the claims allowed by the court below, the sum of one hundred and eighteen dollars and thirty-three cents, remained of the proceeds of the sale of the boat, which was ordered to be paid to Walker and Roberts, who claimed as owners. The owners of the boat are clearly entitled to this sum. Who they are, the evidence does not inform us; but, we suppose, the judge of the inferior court was satisfied the sum ought to be paid to those persons, and we shall not interfere now, as none of the other claimants have any right to it, as the case is now presented to us.

It is, therefore, ordered and decreed, that the judgment of the Commercial Court be affirmed, with costs.