LIVAUDAIS<br>*v.*<br>LIVAUDAIS.

........................................................

## SLAUGHTER *v.* MCRAE et al.

Where a purchaser does not obtain such an article as he had a right to suppose that he was
buying, and the inferiority is of a latent character, though there be no fraud on the part of
the vendor, the purchaser will be entitled to indemnity to the full extent of the difference
between the value, at the time of the sale, of such an article as he had a right to suppose
he was buying, and the value of such an article as he got.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J.
*Micou,* for the appellant. *Kendall* and *Howard,* for the defendants. The
judgment of the court was pronounced by

SLIDELL, J.   It is clear, under the evidence, that the purchaser did not get such an article as he had a right to suppose he was buying, and, as the inferiority was of a latent character, the internal parts of the bales being inferior to those that were accessible upon the usual examination, we have no hesitation in saying that the defendants are bound to restore a part of the price. The amount awarded by the jury indicates that they did not attribute fraud to the sellers, and we will give them the benefit of the conclusion.   But even then the verdict does not appear to us sufficient.   The plaintiff should be indemnified to the full extent of the difference between the value at the time of the sale of such an article as he had a right to suppose he was buying, and the value of such an article as he got;

It is therefore, decreed, that, the judgment be so amended as that the plaintiff recover the sum of $525, instead of the sum of $330; and that the defendants pay the costs of this appeal.