## C. BLANCHIN v. STEAMER FASHION, CAPTAIN and OWNERS—J. P. FRERET, Sheriff, &c.

There are certain cases where the provisions of Art. 575 of C. P., which require that the appeal bond to be given for a suspensive appeal shall exceed by one-half the amount of the judgment appealed from, is inapplicable.

The expressions of that Article simply imply that the judgment to necessitate such a bond must be one which the appellant has been condemned to pay, and do not seem applicable to the case of a judgment where the appellant is condemned to pay nothing.

APPEAL from the Fifth District Court of New Orleans, *Livingston*, J. *Magne*, for plaintiff and appellant. *Bluche*, for defendant.

BUCHANAN, J. The plaintiff obtained judgment against the owners of the steamboat Fashion for $487 16, with privilege on said boat, in execution of which judgment the said steamboat was seized and sold for the sum of three thousand six hundred dollars. After paying sheriff's fees and costs of sale, there remained in the sheriff's hands a sum of three thousand one hundred and fifty dollars and eighty-one cents. In the meantime many third oppositions had been filed by persons claiming for wages, materials, &c. By judgment of the District Court upon those oppositions, the whole fund arising from the sale of the Fashion, under plaintiff's execution, was distributed among other parties, leaving nothing for plaintiff. This judgment was signed on the 9th June, 1853. On the 16th June, 1853, an appeal was granted to plaintiff on motion, returnable in the Supreme Court at the following term, *on his giving bond with security in the sum of one hundred and fifty dollars*, conditioned as the law directs.

The question presented for our decision, is whether this appeal was suspensive.

The Article 575 of the Code of Practice requires that, to have the effect of staying execution, an appeal must be taken within ten days, not including Sundays, after judgment notified, or (under the Act of 1843,) when no notice is necessary, after judgment signed. The same article further requires that the appeal bond to be given for a suspensive appeal shall exceed by one-half the amount of the judgment appealed from. There are certain cases, however, where this latter requisition is inapplicable. The expressions of the article imply that the judgment to necessitate a bond in one-half exceeding its amount, must be one which the appellant has been condemned to pay. This amount of bond does not, therefore, seem applicable to the case of a judgment where the party appellant is condemned to pay nothing. Accordingly, a bond for costs only was

44

BLANCHIN
*v.*
STEAMER FASHION

held to be sufficient for a suspensive appeal in an action of partition, when the fund to be divided was in the hands of the court. *Heath* v. *Vaught.* 16th La. Rep. 520. See, also, *Millaudon* v. *Percy's Syndic,* 7 N. S. 352.

The present case seems to be analogous. There was a fund to be divided which was not in the hands of the appellant, but of the executive officer of the court. The appellant was condemned to pay nothing, not even the costs of the court, by the judgment appealed from. That he was entitled to a suspensive appeal from the judgment which debarred him from a participation in a fund which had been provided by his own exertions, seems undeniable. But there was no standard fixed by law for the bond and security to be given by him in obtaining an appeal. It was obviously a matter for the discretion of the judge. And although we have decided that the provisions of the Article 574 of the Code of Practice, requiring the judge to fix the amount of the bond, relate only to devolutive appeals, yet the reasoning on which those decisions are founded evidently point to the case where the amount of the bond for a suspensive appeal may be precisely determined from the judgment itself, in connection with the terms of Art. 575.

We think the appeal, being taken within the ten days following the judgment, and a bond being given in the amount fixed by the court, the appeal operated a supercedeas, and the sheriff should have retained in his hands an amount sufficient to satisfy the appellant's claim. Not having done so, and the decree of this court upon the appeal having allotted a share of the fund to the appellant, the sheriff has rendered himself liable.

It is therefore adjudged and decreed, that the judgment of the District Court be reversed, and that the appellant, *C. Blanchin,* recover of *James P. Freret,* appellee, three hundred and sixteen dollars and twenty-two cents, with costs of the rule in both courts.