## GOURDAIN & KERR *v.* C. B. BAYLIES et al.

Where a sale is attacked as simulated, and a *prima facie* case of simulation made out, and the purchaser fails to offer rebutting testimony to show that he actually paid anything for the property, the sale will be decreed to be simulated.

10  691
109  100

10  691
111  773

APPEAL from the District Court of St. Mary, *Voorhies*, J.

*J. G. Olivier*, for plaintiffs: Cited C. C., 1980, 1975, 1979, 1984, 2628; 2 N. S., 61; 2 L. R., 16; 6 Ib., 538; 7 Ib., 16; 4 Ib., 254; 6 An. R, 646.

*Al. Tucker* and *T. H. Lewis*, for appellants: Cited C. C., 1965, 1973, 1974; *Bauduc* v. *His Creditors*, 4 L. R., 254; *Syndic of McManus* v. *Jewett*, 6 L. R., 538; 16 L. R., 150; 9 L. R., 171.

SPOFFORD, J. We concur with the District Judge in the opinion that the evidence offered by the plaintiffs rendered the sincerity of the sale from *Baylies* to *Nash* so improbable, that a *prima facie* case of simulation was made out; the failure of the defendant, *Nash*, to rebut the case thus made, by competent evidence that he had actually paid anything for the slaves he pretended to purchase, justified the court *a quo*, under the pleadings, in subjecting the slaves in question to be seized and sold to satisfy the plaintiffs' demand. See *Birdsdale* v. *Lakey*, 6 An., 647.

The judgment is therefore affirmed, with costs.