No. 6867.

STATE EX REL. W. C. WILLIAMSON VS. THE JUDGE OF THE FOURTEENTH JUDICIAL DISTRICT.

Where the defendant in an executory proceeding enjoins the seizure and sale, on the ground that the mortgage debt is prescribed, he is dispensed from the necessity of giving a bond.

In a suspensive appeal from a judgment dissolving an injunction without damages, the amount of the appeal bond need only exceed by one half the *costs*, which the appellant was condemned by the judgment to pay.

APPLICATION for a mandamus.

*Cobb & Gunby* for relator.

*R. W. & R. Richardson* for respondent.

The opinion of the court was delivered by

DeBlanc, J. The executors of J. P. Crosby applied for and obtained an order of seizure and sale of property mortgaged to secure a note of $4013 subscribed by R. C. Williamson and J. C. Hutson.

The execution of that order was enjoined by said Williamson, on the ground that the action for the recovery of the debt evidenced by said note is barred by prescription.

The injunction having been granted for one of the causes specified in art. 739 of the C. P. no security was required from the defendant in the proceeding for a seizure and sale.

The injunction so taken was dissolved without damages, and—on motion of Williamson's counsel—a suspensive or devolutive appeal was allowed him in the alternative—the bond to carry up the latter to be for one hundred dollars, and the former of a sum one half over and above the amount of the note hereinbefore mentioned.

He refused to give either of said bonds, and—for the suspensive appeal—tendered one of five hundred dollars. The bond so tendered

State ex rel. Williamson vs. Judge of the Fourteenth Judicial District.

was refused; and relator seeks, by mandamus, to compel the judge to reduce to five hundred dollars the amount of the bond to be furnished by him for a suspensive appeal.

In answer to the mandamus, the judge said:

1st. That, in his opinion, when an injunction has been obtained, under article 739, C. P., restraining the execution of a writ of seizure and sale, and has been dissolved without damages, no discretionary power is vested in the judge to fix the amount of a suspensive appeal bond, but that it is to be governed by article 575 C. P.

2d. That such a judgment is in the nature of a *nonsuit*, and in effect decides that the order of seizure was properly granted, and that the sheriff should proceed to collect the debt by a sale of the mortgaged property. The injunction is merely an accessory remedy. There is no other judgment to be executed except that ordering the sale of the property enjoined, and it is to prevent this that a suspensive appeal is asked for.

Two distinct decrees now stand against Williamson—an order of seizure and sale, and that dissolving the injunction arresting the execution of said order: both of said decrees are appealable—the last alone has been appealed from and that one is only for costs—which, considering the amount of the bond fixed for a devolutive appeal, could not have exceeded the sum of one hundred dollars. The bond tendered by relator is for five times that amount.

The Code of Practice leaves—it seems—no doubt on this subject: it provides that "the appeal taken within ten days after the judgment &c. shall stay execution, if the appellant gives his obligation for a sum exceeding by one half the amount of the judgment. In this case, Williamson has appealed from a decree condemning him to pay the costs of the suit, and the bond required to suspend the execution of that decree can neither be measured nor fixed by the amount of the mortgage note, or by reference to the order of seizure and sale from which no appeal has been taken.

As to the parties' right to an appeal, and as to the form, the conditions, the effects of an appeal, the constitution and the law make no distinction between those taken from judgments maintaining or dissolving injunctions granted with or without bond, and we can make none. The reasons relied upon by a majority of the court, for discriminating between such appeals in "State ex rel. Mrs. Sarah Richardson vs. the Judge of the 14th District," do not remove our conviction that the decision of said court in "State ex rel. W. & H. Stackhouse vs. the Judge of the 5th District," contains a correct interpretation of the law on this subject.

21 A. 152.   25 A. 653.   19 L. R. 171.   29 A. 793.

The law is so clear, so free from doubt, that its letter can not be disregarded, under the pretext of pursuing its spirit. It may be that it ought to be amended or changed, that—as it is—it leaves the door too wide opened to groundless defences, to the litigation often resorted to to gain delay; but—until changed or amended, it must be enforced as enacted.

It is, therefore, ordered that the mandamus issued in this case be and is hereby made peremptory at defendant's costs.