No. 11,026.

THE STATE EX REL. ELIAS BLOCK & SONS vs. H. N. RIGHTOR, JUDGE.

The law fixes no standard for the amount of the bond to be given by a party who wishes to take a suspensive appeal from a judgment refusing him a participation in funds in the hands of the court. A bond for costs is sufficient. The appellant can be condemned to pay nothing else. A bond for more would be oppressive and an idle ceremony.

The ruling in 22 An. 115, State ex rel. Wassell vs. Judge, has no bearing. The case is not analogous, as there was no fund in court for distribution.

State ex rel. Block & Sons vs. Judge.

APPLICATION for Mandamus.

*W. S. Benedict* for the Relators.

*Henry L. Lazarus* and *Hunter C. Leake* for the Respondent.

The opinion of the court was delivered by

BERMUDEZ, J.   This is an application for a *mandamus* to compel the district judge to grant the relators a suspensive appeal on a bond for costs.

The averments are that C. Lazard & Co. having brought suit against Henry Block & Co. for $31,000 and more, coupled with an attachment under which property was seized and money realized to a large amount, $10,000 or more, which are in the sheriff's hands. Elias Block & Co. intervened, claiming to be creditors of the defendants, levying their attachment on the same property and traversing the claim of the original plaintiffs; that after trial, the court rendered judgment in favor of plaintiffs, rejecting the intervention of Elias Block & Co.; that thereupon the latter applied for a suspensive appeal from the judgment so rendered, tendering a bond for $2000, but that the judge declined to accept said bond and required one to be furnished, according to law, less the amount in the sheriff's hands, meaning a bond for one-half over and above the difference between the amount of the judgment and that in the sheriff's hands.

The district judge substantially answers that the bond required by him is that prescribed by law, for the reason that a third party is no more allowed to suspend a money judgment on a bond for costs than the defendant in the case could, and therefore that such party is bound to furnish a bond for the same amount that the defendant would have to give—should he apply for a suspensive appeal.

The only effect of the appeal taken within the ten days following the signature of the judgment would be to prevent a distribution, as far as the intervenors are concerned, of the moneys in the sheriff's hands.

The law fixes no standard for the amount of the bond to be given by a party who wishes to take a suspensive appeal from a judgment refusing him a participation with others in a fund in the hands of the

court. A bond for costs is sufficient. C. P. 579; Blanchin vs. Fashion, 10 An. 345; see also 20 An. 108; 22 An. 178; 27 An. 185; 30 An. 314; 37 An. 428.

In the case of State ex rel. Wassell vs. Judge, 22 An. 115, invoked, it does not appear that there was any fund in court for distribution, in which the intervenor sought to participate. If the object of the appeal by the intervenor was to suspend execution against the defendant to satisfy the judgment, he could do so only by giving the bond which the defendant would have been bound to furnish, to stay execution on a suspensive appeal. The court itself differentiates between the Blanchin vs. Fashion case in 10 An. cited and the case before it.

The bond could only be for the satisfaction by the surety of the judgment to be rendered on appeal, should the principal fail to pay it. In no event could the relators be condemned on appeal to pay more than the costs. Requiring a bond for more would be oppressive and an idle formality.

It is therefore ordered and decreed that the *mandamus* prayed for be made peremptory, and that the suspensive appeal asked be allowed on the bond of $2000 offered, which appears to be ample.

### ON APPLICATION FOR A REHEARING.

Article 579, C. P., distinctly provides that the appeal bond must set forth in substance that it is given as surety that the appellant shall satisfy whatever judgment may be rendered against *him* on appeal.

It is palpable that, on appeal, he could not be condemned to pay a judgment rendered against some *one* else, and that the only one which could be pronounced against him, as a dismissed plaintiff appealing, would be *for costs*.

Reference to the case of State ex rel. Wassell vs. Judge, 22 An. 115, affords relator no relief. It is not an analogous case, as there was no fund *in court*.

The question, whether the appeal by the relators would suspend the further execution of the judgment against the defendants and the garnishees, does not arise here and is not decided, although it may well be that it does not, so as to realize money for distribution without making any repartition. The funds are arrested only to an amount sufficient to meet the claim of relators.

Rehearing refused.