On Motion to Dismiss the Appeal.
BREAUX, J.
The Metropolitan Bank was a judgment creditor of Peter Blaise; the defendant, in the sum of $22,7S9.29, as made to appear, it contends, by inscription in the mortgage office at a time preceding a judgment of the Citizens’ Bank which had also been recorded in the mortgage office.
F. X. Fitzpatrick is the assignee of the Metropolitan Bank, and holds the judgment obtained by that bank. Writs of fieri facias were issued under the judgments obtained by the bank against Blaise, and the property sold at sheriff’s sale for $40,000.
At the instance of the Citizens’ Bank a rule was issued ordering F. X. Fitzpatrick, subrogee, to show cause why its judgment should not be paid, as being first in rank, and directing the sheriff to hold funds required for its payment until the further order of court. Subsequently the Citizens’ Bank filed a petition of intervention and third opposition, reiterating the grounds set forth in its rule, and claiming specifically that it owned two judgments entitled to be paid from the proceeds of the before-mentioned sheriff's sale, and asking that an order issue to retain sufficient fluids to that end.
The case was heard by the district court on the issues presented. Judgment, after hearing, was rendered, dismissing the intervention and third opposition of the Citizens’ Bank. From the judgment of dismissal the Citizens’ Bank prosecutes this appeal.
The question now before us for decision is presented in a motion of F. X. Fitzpatrick to have the appeal dismissed. The following are the grounds of this motion to dismiss the appeal, viz.: The bond of appeal is not, as to its amount, sufficient, being for the sum of $100; that the Citizens’ Bank, appellant, under the guise of an injunction and third opposition, obtained an order which has the effect of restraining, in the hands of the civil sheriff, a sum equal to $4,000 from tlie amount realized by him in execution of the writ of fieri facias issued at the instance of F. X. Fitzpatrick, judgment creditor.
The sum claimed by the Citizens’ Bank, appellant, to be paid out of the fund retained by the sheriff, is about $2,700.
The only question before us is the sufficiency vel non of the bond. The order of appeal fixed the amount of the bond at the sum for which the bond was afterwards furnished. It will be borne in mind that the funds are in gremio legis, and that no disposition can be made of them, save to pay them out to the one to whom they rightfully belong.
As relates to the funds, no thought of a possible loss arises. This, we take it, is substantially conceded by the plaintiff and appellee in the motion to dismiss the appeal, but *95 he contends that the bond should be at least for an amount to cover all possible damages; that the Citizens’ Bank, appellant, is not entitled to an appeal from a judgment on a bond for less than one-half over and above its amount; and that the effect is to enable the Citizens’ Bank, with insufficient security, to tie up a large amount in the hands of the sheriff.
It is shown on the record that F. X. Fitzpatrick, appellee, obtained an order nisi in the district court, with the view on his part of having the appeal dismissed on the ground that the bond was not sufficient in amount. The Citizens’ Bank invites our attention to the order of the district court, which reads as follows: “Let this petition of intervention and third opposition be filed, and let the civil sheriff hold until the further orders of this court a sum sufficient to cover the claims of this intervener.”
In matter of bond executed in accordance with the terms of article 304 of the Code of Practice, a large discretion is vested in the court of the first instance. It does not appear in this appeal that the court a qua went beyond the limit of its authority in fixing the bond. We do not infer from the pleadings or the facts at issue that the appellee is exposed to irreparable loss. This was evidently the opinion of the judge of the court a qua. The appellee has not pointed out in what respect the district court erred in fixing the amount at the sum before mentioned.
The appeal restrains the sheriff temporarily from making distribution of funds. The law does not seem to contemplate that a bond, when funds are in hands of the court, should be executed for a sum exceeding by one-half the amount claimed by an intervener and third opponent. This view was expressed in repeated decisions interpreting article 579 of the Code of Practice. “The present case seems to be analogous. There was a fund to be divided which was not in the hands of the appellant, but of the executive officer of the court.” Blanchin v. The Fashion, 10 La. Ann. 345, citing Heath v. Vaught, 16 La. 520, and Millaudon v. Percy’s Syndic, 7 Mart. (N. S.) 352. A similar view has been expressed in a decision of more recent date. State v. Judge of Fourth Dist. Ct. of New Orleans, 20 La. Ann. 108; State v. Judge of Fourteenth Dist., 30 La. Ann. 314.
In view of the right of appeal in all appeal-able cases, and the security of the principal temporarily held in the hands "of the officer, it does not seem to have heretofore occurred to appellate tribunals that an appeal should be dismissed because the bond of appeal was not made particularly to cover either the possible damages for'a frivolous appeal or the interest on the principal.
The ease of State v. Judge of Fourth Dist. Ct. of Parish of Orleans, 22 La. Ann. 115, has been cited as sustaining a contrary rule regarding appeal bonds. The court said of this decision that “it was not analogous, for the reason that there was no fund in court to be distributed.” State v. Judge, 44 La. Ann. 566, 10 South. 866.
If we were to grant that these decisions sustain the contention of F. X. Fitzpatrick, appellee, it would not afford him any relief. 1-Ie would not be entitled to a judgment dismissing the appeal. The appellee in a case before this court had moved (as the appellee has done in this case) to dismiss the appeal on the ground that the bond was insufficient. The motion was overruled in the district court, and no appeal was taken from the judgment. This court held that the question should have been brought up by way of appeal, and, by reason of failure so to do, the court declined to dismiss the appeal. Huntington v. Bordeaux, 42 La. Ann. 346, 7 South. 553. It has been decided that mandamus, also, may be the remedy. State v. Judge of Sixth Dist. Ct. of Parish of Orleans, 22 La. Ann. 176.
We have noted that the appellee in the case before us for decision did not take an appeal from the judgment of the district court refusing to dismiss the appeal. We consider this decision determinative of the controversy brought before us in the motion to dismiss the appeal.
We must therefore deny appellee’s motion to dismiss the appeal.
(Dec. 1, 1902.)
Statement of the Case.
NICHOLLS, C. J.
The Metropolitan Bank, holding three judgments against the defendant, Peter Blaise, caused writs of fi. fa. to issue upon the same, under which the sheriff of the parish of Orleans seized certain real estate of the defendant, and *97 advertised, the same to be sold on the 25th of April, 1901. Pending the seizure, F. X. Fitzpatrick purchased these judgments, and was subrogated to the rights of the bank. The evidence shows that the price paid for the same was $7,500. The record does not show how much was due to the bank on these judgments at the time they were sold. It is conceded on all hands that the property was sold as advertised on the 25th of April for $40,150, but neither the sheriff’s return upon the writs, nor the certificate of the recorder of mortgages, which the law requires to have read at the time of a sheriff’s sale of real estate under execution, are copied in the transcript.
At the time of Fitzpatrick’s purchase of the judgments, he was the holder of a number of notes executed by the defendant, and apparently secured, as to payment, by special mortgages upon the property which had been seized.
Before the seized property was sold, Fitzpatrick caused executory process to issue upon the notes which he held, and the property was seized under the process. The proceedings in the executory process, and the sheriff’s action taken under the order to seize and sell the property, are not in the record.
The Citizens’ Bank, holder of two judgments against Blaise, caused writs of fi. fa. to issue upon the judgments, and under the same the sheriff seized, pending the seizure by the Metropolitan Bank, the same property which had been seized. The judgment of each of the banks was based upon notes which had been executed by Blaise, and secured by special mortgages upon the same property; the notes and mortgages held by the Metropolitan Bank being prior in date of execution and recording to those held by the Citizens’ Bank.
The notes, of which Fitzpatrick held six, were also secured by special mortgage upon this property. The execution of the notes and the date of the recording the mortgage antedate the notes and mortgage of the Citizens’ Bank.
The property went to sale under the writs of ii. fa. which had issued at the instance of the Metropolitan Bank.
On the 26th of April the Citizens’ Bank, suggesting' that it held the two judgments 'against the defendant which were secured as to payment by special mortgages, and that ■the property subject to the same had been sold in execution of the writs obtained by the Metropolitan Bank, and that it was entitled to be paid, by privilege and preference, the amount of its judgments, obtained from the court a rule on Fitzpatrick, as subrogee, to show cause why its judgments should not be paid by preference out of the proceeds of sale. It asked that the sheriff be ordered to hold said funds until the further orders of the court.
On the 5th of May, 1901, the Citizens’ Bank filed in the civil district court a petition styled by it one of intervention and third opposition, which, after reciting the fact that it was the holder and owner of the two judgments above referred to, and which it alleged were secured by mortgages, again alleged the selling of the property which had been seized by the Metropolitan Bank for $41,155.
It recited in this petition that pending the seizure of the property by the Metropolitan Bank it had been also seized by intervener under its judgments, and that it had caused the sheriff to hold the funds, and the sheriff held the same subject to petitioner’s rights. It then averred that the consideration paid by Fitzpatrick for the transfer of the judgments, with subrogation, was insignificant, and that all of the judgments held by the Metropolitan Bank had been so nearly paid, satisfied, and extinguished that the subrogee was entitled to receive but $100 under the writs.
It further averred that Fitzpatrick claimed to be the owner (1) of a certain described mortgage note for $5,000, and (2) six mortgage notes for $3,000, and four mortgage notes for $5,000, each with interest, subject to three payments, all of date of February 23, 1898, and aggregating $1,800.
That Blaise had granted a mortgage to secure these last-mentioned notes by act before Taylor, notary.
That Fitzpairick had caused executory process to issue upon certain of these promissory notes; that all of these notes had been issued by Blaise without consideration, and solely with the fraudulent intention of protecting his property from his creditors and of defrauding the same, and that Fitzpatrick *99 held the same in furtherance of said fraudulent design, and without consideration, or, if any consideration had passed, it was insignificant, and not sufficient to prevent it from realizing the full amount of its judgments from the proceeds of sale; that it was entitled to be paid by preference and privilege from the proceeds of sale. It prayed that Fitzpatrick, as subrogee, and Peter Blaise, be cited to answer the intervention and third opposition, and that it do have judgment against said Fitzpatrick and Blaise, decreeing that the mortgage notes held by Fitzpatrick be decreed to have issued without consideration and in fraud of the creditors of Blaise; that the sum paid by Fitzpatrick to the Metropolitan Bank be decreed to have been paid in excess of anything due to said bank under said judgments, and that Fitzpatrick take and receive nothing under the ■writs of fi. fa. issued at the instance of the bank, and under the executory proceedings, or under said notes and said judgments, until after the payment to petitioner in full of the amount of its judgments; and that it be decreed to be entitled to receive the same from the proceeds in the hands of the sheriff, with recognition of its judicial mortgages, and by preference over all other persons. The court, upon the filing of this petition, ordered the sheriff to hold until its further orders a sum sufficient to cover the claim of the intervener.
In brief of counsel for the Citizens’ Bank, they say that their judgments amounted to $4,186; that the sheriff made a mistake in his calculations, and only retained $4,000, but to that $4,000 their client was clearly entitled.
The district court rejected the demand of the Citizens’ Bank, and it appealed.
Opinion.
The Citizens’ Bank claims by third opposition the proceeds of a sale made in execution of judgments held by the Metropolitan Bank. It evidently believed that the effect of doing this would be to commit them, to some extent, at least, to the existence of legal judgments against Blaise, under the line of decisions which declare that claiming the proceeds of a sale made in execution of a judgment, and at the same time asserting the nullity of the judgment, is inconsistent pleading. Bank v. Delery, 2 La. Ann. 648; Livaudais v. Livaudais, 3 La. Ann. 455. Hence it did not declare the judgments were nonexistent, but that they amounted to only $100. It really pleaded extinguishment of the judgment up to that amount. We understand appellant’s allegations as to simulation and want of consideration to have been directed against the notes held by Fitzpatrick, on which he issued executory process, not against the judgments. We do not think that appellant is legally concerned as to the price or consideration which Fitzpatrick paid the Metropolitan Bank for the assignments of its judgments to him. It is not a creditor of either the Metropolitan Bank or of Fitzpatrick, and sets up no rights to or upon the judgments transferred. The rights of the latter under the assignment are not to be tested by the amount he paid the Metropolitan Bank, but by the rights which the Metropolitan Bank held under the particular judgments which it assigned against Blaise and against the property mortgaged.
Appellant claims that, when a prima facie case of simulation is established, the vendee’s failure to prove any actual payment authorizes judgment against him (Gourdain v. Baylies, 10 La. Ann. 691); that, when a certain fact put in issue by the pleadings is peculiarly within the knowledge of the defendant, — such, for instance, as the consideration of a transfer made by him, — the burden of proof is on 'him to show that fact (Lovell v. Payne, 30 La. Ann. 511).
We do not think that the Citizens’ Bank made out a prima facie case of simulation or fraud in this case, so as to throw upon Fitzpatrick the obligation of sustaining the reality of the notes and mortgage he was proceeding upon by executory process, or the good faith of any of the parties concerned therewith.
The notes and mortgages were apparently real, and the parties presumedly in good faith. Fitzpatrick was not called upon to offer evidence to sustain the reality of the consideration of the notes and the mortgage, and his own good faith and that of others, in the absence of testimony going to shake the one or the other. We do not ourselves find testimony of that character in the record.
Fitzpatrick only claims to own six of ■‘■he *101 mortgage notes given by Blaise in the act before Taylor. The other notes, we must assume, are held by other parties. We are unable to tell, from the transcript as brought up. what amount Fitzpatrick has taken or will take out of the funds in the hands of the sheriff. We do not know what amount of outstanding mortgages existed on the property at the time of its sale, or what their rank was. We see nothing in the record entitling the claim of the Citizens’ Bank to a preference over appellee. We find no error in the judgment appealed from, and, for the reasons assigned, it is hereby affirmed.