Statement of the Case.
MONROE, J.
This is an application for .a writ of mandamus to compel the judge of the district court to fix the amount of a bond for a suspensive appeal from a judgment which, from the application of the relatrix and the return of the judge, appears to have been rendered under the following circumstances, to wit:
In October, 1903, George Landry died, leaving a will whereby he named the relatrix his executrix and universal legatee. His heirs attacked the will, on the ground that the testator and the legatee so named had lived together in open concubinage, and there was judgment reducing the legacy in her favor to one-tenth of the estate, payable from the movables, and decreeing the heirs entitled to be put in' possession of the remainder, which judgment was affirmed on appeal, and became final, in this court, in May, 1905. Succession of Landry, 114 La. 829, 38 South. 575. Thereupon the heirs sued for a partition, and in August, 1905, obtained judgment decreeing the partition and ordering a sale of the property to effect the same, and, the sale having been made, the further proceedings before the notary were homologated by judgment rendered December 5, 1905. Upon the following day the relatrix filed a final account as executrix, upon which she appears as a creditor of the succession for nearly $5,000, and a few days later a rule was taken on behalf of the parties in interest, alleging that the partition had been homologated, and praying that the notary be ordered to show cause why he should not distribute the funds in his hands.
To this rule the judge a quo, ex proprio motu, ordered that the relatrix be made party, and, the relatrix having appeared and litigated the matter, it is from his judgment making the rule absolute that she now seeks to appeal suspensively on a bond of $500 for costs. To the rule nisi herein served on him, and for cause why the mandamus prayed for should not issue, the judge makes return and says that the succession of George Landry had been closed by a final judgment and the heirs sent into possession; that the funds to be distributed are the proceeds of their property, and do not belong to the succession; and that he directed that the appeal applied for by relatrix should be allowed on her furnishing bond in accordance with law, but refused to fix the amount, as for a bond merely to cover costs, for the reason that a moneyed judgment had been *262 rendered, ordering the notary to distribute .a fund amounting to $15,434.76.
It also appears (from his reasons for judgment making the rule in question absolute, which are made part of his return) that the judge a quo held that the relatrix came too late to demand security from the heirs .as a condition precedent to their being given actual possession of the property of the succession, or to delay the distribution of the proceeds of such property, sold at their instance, after having obtained possession, to effect a partition.
Opinion.
Whether the position taken by the relatrix for the purposes of the trial of the rule •against the notary is well or ill founded is a question to be determined on the appeal from the judgment by which the rule was made absolute; her right to an appeal being ■one thing, and the merits of the appeal, when accorded, another. The relatrix might have made herself a- party to the rule in •question by intervening, but she was saved the necessity of so doing by the order of the judge, to which no exception was taken by the other parties; and, without objection to her appearance, she set up and litigated what she asserted to be her rights with respect to the subject-matter to be adjudicated upon. In fact, with the exception of the matter of a fee, claimed as against ■one of the heirs, the issues presented by the relatrix were the only issues to be de■eided. She was, therefore, entitled to appeal suspensively from the judgment rendered, and, as the effect of the appeal is merely to arrest and keep in the hands of the notary the fund held by him as an officer of the court, we are of opinion that a bond for costs is all that she is required to give. Heath & Co. v. Vaught et al., 16 La. 520; Blanchin v. The Fashion et al., 10 La. Ann. 345; Metropolitan Bank v. Blaise, 109 La. 92, 33 South. 95.
It is therefore ordered, adjudged, and decreed that the alternative writ of mandamus herein issued be now made peremptory, in so far as to direct that the respondent judge grant to the relatrix a suspensive appeal from the judgment in question upon her furnishing bond, in an amount to be fixed by respondent, sufficient to cover the costs for which she may be condemned.