O’NIELL, J.
The defendant was indicted and tried for the crime of murder; he was found guilty, without capital punishment, and has appealed from the verdict and sentence of life imprisonment in the penitentiary.
When the case was called for trial in the district court, the defendant’s counsel announced that he was ready for trial. The jury was impaneled, and one of the witnesses on behalf of the state had given his testimony when the defendant’s counsel requested that subpoenas issue to summon the justice of the peace who had held the inquest and the members of the coroner’s jury. They resided in a parish adjoining that of the trial, and the defendant’s counsel announced, when he asked that the subpoenas issue, that the sheriff could get'into communication with the witnesses by telephone and have them in court the next morning. The judge directed the clerk to issue the subpoenas, saying that the order should not prejudice the right of the state to proceed with the trial if the witnesses for whom the subpoenas were issued failed to appear during the trial. The sheriff then announced that it was not possible for him to communicate with the witnesses by telephone. When the state had completed the offering of evidence, the defendant’s witnesses, for whom the subpoenas had been issued, were not present in court nor had the sheriff made a return on the subpoenas. The defendant’s counsel, therefore, moved for a continuance, or asked that the trial be delayed, until the witnesses could be summoned. The judge refused to grant a continuance or to delay the trial, and the defendant’s counsel reserved a bill of exception to the ruling.
The verdict of the coroner’s jury that viewed the dead body of the victim of the alleged murder, Jim Lee, was filed in the office of the trial court before the case was called for trial, and was as follows:
“That it is our belief that said Jim Lee came to his death by falling off of a Frisco train in motion, as his body was found alongside the Frisco track with the top of his skull crushed, there being no evidence of foul play or wounds of any kind.”
The defendant’s counsel argues that, in view of the verdict of the coroner’s jury, he was su;rprised when the first witness for the state testified that he was present when the accused and Jim Lee quarreled on a freight train, and the accused beat Lee on the head with a pistol, and that, during the beating, the gun went off and shot Lee in the head.
The defendant’s counsel knew, before the trial, what is stated in the bill of exception, that the procés verbal of the coroner’s inquest was not. admissible in evidence to prove the “belief,” expressed by the coroner’s jury, “that Jim Lee came to his death by falling off of a Frisco train in motion.” And, if the defendant desired to prove by the *201 members of the coroner’s jury that Jim Lee’s “body was found alongside the Frisco track with, the top of his skull crushed,” and that the coroner’s jury found “no evidence of foul play or wounds of any kind,” he should have had the members of the coroner’s jury summoned before announcing his readiness for trial.
[1,2] It is true the Constitution grants to every accused person the right to compulsory process to obtain witnesses in his behalf; but the right must be exercised at the proper time. The order of the court, directing the clerk to issue the subpmnas during the progress of the trial did not commit the judge to the granting of a continuance or delay until the witnesses could be summoned. The matter of granting or refusing a continuance after the trial has commenced is largely within the discretion of the trial judge, and it does not appear that his refusal in this case amounted to an abuse of that discretion.
The verdict and sentence appealed from are affirmed.