**STATE ex rel. MESSINA v. CAGE, Judge.**

No. 14832.

Court of Appeal of Louisiana. Orleans.

Jan. 29, 1934.

Cameron C. McCann, of New Orleans, for relator.

Hugh C. Cage, of New Orleans, for respondent.

JANVIER, Judge.

Although all of the facts set forth in the pleadings in this matter are not before us in the relator's application for alternative writs of certiorari, prohibition, and mandamus, there are sufficient before us to justify the statements of fact which we find it necessary to make.

In a suit brought by her against Edward Haggerty, clerk of the criminal district court for the parish of Orleans, Vanita Messina claimed to be the owner of a certain sum of money, $875 in amount, which had been taken from her by police officers in Slidell, and delivered to the said clerk in New Orleans.

Shortly after that suit had been filed, the Canal Bank & Trust Company, a corporation then conducting a general banking business in this state and now in liquidation, filed a separate suit against one Martin Jarvis and others in which we understand that the said bank, charging that the said Jarvis had stolen the said money from the said bank, sought to obtain recovery and possession thereof.

The two suits, since both the plaintiffs sought possession of the same sum of money, which was in "gremio legis," were consolidated. After trial, judgment was rendered in favor of Canal Bank & Trust Company and the fund was ordered delivered to that corporation, now in liquidation.

The judgment was signed on November 16, 1933, and on November 27, 1933, Vanita Messina obtained from the district judge an order granting a suspensive and a devolutive appeal, without bond. Bond was dispensed with because the suit had been filed in "forma pauperis" under Act No. 156 of 1912, as amended by Act No. 260 of 1918. On November 29, 1933, which was the second day after the order of appeal had been granted, the appellee filed in the district court a motion and obtained an order under which the appellant was required to show cause why the order granting the appeals without bond should not be set aside. On December 22d the said rule was made absolute as to that part of the order which had granted the suspensive appeal and was dismissed as to that part which had granted the devolutive appeal.

Appellant has applied to us for alternative writs of certiorari and mandamus, seeking thereby to compel the district court to reinstate the order granting the suspensive appeal. We are told, and it appears to be a fact, that, if the suspensive appeal is not granted, a devolutive appeal will be of little value, since the fund will be turned over to the liquidators of the Canal Bank & Trust Company, in which case, if appellant is successful on the devolutive appeal, she will become merely an ordinary creditor in the liquidation; whereas, if she is successful on suspensive appeal, she will be entitled to the entire fund now in the custody of the court.

Relator contends, first, that when the order of appeal was signed, the jurisdiction of the district court terminated, since a district court, when it grants an appeal, ipso facto loses all control over the judgment, except for the purpose of testing the solvency of the surety on the appeal bond, and that, consequently, since here no bond was required, no further jurisdiction remained in the district court, and therefore that court had no jurisdiction to recall the order for suspensive appeal.

Appellant also contends that under the so-called "pauper act" she is entitled not only to a devolutive appeal without bond, which is in terms provided for by that act as amended, but also to a suspensive appeal without bond, since the fund is in the custody of the court and since, therefore, only a cost bond could, in any event, be required to sustain a suspensive appeal.

We shall first consider the question of whether, when the fund in dispute is in the custody of the court, a suspensive appeal may be granted under the pauper act without the furnishing of bond.

In the pauper act, as it was originally passed (Act No. 156 of 1912), there was no provision which expressly gave a right to a devolutive appeal without the furnishing of bond; but in several cases which followed the enactment of that statute, the Supreme Court held that, since the bond which is required to perfect a devolutive appeal is merely one for costs, and since that act relieved a party who was entitled to its protection of the duty of furnishing cost bonds, a devolutive appeal might be taken without the filing of any bond. Among those cases are Jackson v. Cousin, 138 La. 198, 70 So. 96; Smith v. Lyon Cypress Co., 140 La. 507, 73 So. 312; Mathis v. Kansas City Southern R. Co., 140 La. 855, 74 So. 172; Muller v. Johnson, 140 La. 902, 74 So. 189.

We commence, then, with the fact that, although, under the original pauper act, the right to a devolutive appeal was not expressly given, the Supreme Court held that such an appeal might be taken without bond because such bond, being only a cost bond, was dispensed with by the act.

In many cases it has been held that when there is a fund in dispute and that fund is in the custody of the court, a suspensive appeal may be taken on the furnishing of a cost bond.

Among such cases are State v. Judge, 44 La. Ann. 564, 10 So. 866; Blanchin v. The Fashion, 10 La. Ann. 345; and Metropolitan Bank v. Blaise, 109 La. 92, 33 So. 95, 96.

In the Metropolitan Bank Case the court said:

"The appeal restrains the sheriff temporarily from making distribution of funds. The law does not seem to contemplate that a bond, when funds are in hands of the court, should be executed for a sum exceeding by one-half the amount claimed by an intervener and third opponent. This view was expressed in repeated decisions interpreting article 579 of the Code of Practice. 'The present case seems to be analogous. There was a fund to be divided which was not in the hands of the appellant, but of the executive officer of the court.' Blanchin v. The Fashion, 10 La. Ann. 345, citing Heath v. Vaught, 16 La. 520, and Millaudon v. Percy's Syndic, 7 Mart. (N. S.) 352. A similar view has been expressed in a decision of more recent date. State v. Judge of Fourth Dist. Ct. of New Orleans, 20 La. Ann. 108; State v. Judge of Fourteenth Dist., 30 La. Ann. 314.

"In view of the right of appeal in all appealable cases, and the security of the principal temporarily held in the hands of the officer, it does not seem to have heretofore occurred to appellate tribunals that an appeal should be dismissed because the bond of appeal was not made particularly to cover either the possible damages for a frivolous appeal or the interest on the principal."

In the syllabus of State v. Judge, supra, the principle is stated as follows:

"The law fixes no standard for the amount of the bond to be given by a party who wishes to take a suspensive appeal from a judgment refusing him a participation in funds in the hands of the court. A bond for costs is sufficient. The appellant can be condemned to pay nothing else. A bond for more would be oppressive and an idle ceremony."

The only substantial difference of importance here between Act No. 156 of 1912 and the amendment thereto, which is Act No. 260 of 1918, is that in the latter the right to a devolutive appeal without bond is expressly given. But that right, as the Supreme Court said in Beuhler v. Beuhler Realty Co., 155 La. 323, 99 So. 276, 278, already existed under the original statute. In the Beuhler Case we find the following:

"The amendment of 1918 expressly authorizes devolutive appeals without bond by one

who is permitted to sue in forma pauperis, thus confirming the jurisprudence in that respect."

■ It follows that, since, by the well-established jurisprudence, only a cost bond may be required for a suspensive appeal where the fund in dispute is in custodia legis, the same rule would have been applied, had such a situation as that now confronting us been presented prior to the enactment of the 1918 amendment.

It thus behooves us to determine whether the 1918 amendment has taken away the right which, under the 1912 original enactment, would have existed had the 1918 amendment not been passed. As the court said in the Beuhler Case, the amendment merely confirmed what the jurisprudence had already established. It in no way referred to a suspensive appeal, and we do not believe that we are required to apply the rule that, by including the one, the framers of the act intended to exclude the other. The purpose of the act of 1918 was plainly to broaden the privilege granted by the act of 1912 and not to restrict. In the act of 1918 the right to litigate in all the courts of the state "including all the appellate courts" is much broader than the right given in the act of 1912, which in no way referred to the appellate courts. We cannot believe that the form used by the framers of the act of 1918 requires that we interpret that act as intending to exclude a right which had previously, though not in express terms, been granted by the earlier act.

■ We are admonished that pauper acts constitute what is termed "remedial legislation," and that, therefore, they should be given a liberal interpretation. In Smith v. Lyon Cypress Co., supra, the Supreme Court said:

"* * * The said statute is remedial, and therefore should be given a liberal construction."

■ Furthermore, there is a well-established rule that appeals are favored in law and that all doubt as to whether an appeal should be granted should be resolved, wherever possible, in favor of the appellant. Giacona v. Juliani, 3 La. App. 317.

The view which we have adopted on this question, that the district court was in error in recalling that part of the order which granted the suspensive appeal without bond, makes it unnecessary that we consider the other contention presented, i. e., that when the order of appeal was signed, there was no longer any jurisdiction in the district court. In either case the order granting the suspensive appeal must be reinstated.

It is therefore ordered, adjudged, and decreed that the alternative writ of mandamus heretofore issued be now made peremptory and that the relator's suspensive appeal be reinstated in the district court, costs of this proceeding to await final determination on the merits.

Alternative writ made peremptory.