This is an ejectment proceeding which is brought under the provisions of Section 6597, Dart's Louisiana General Statutes, Act No. 55 of 1926. The lessor, O. Cook, charges that the actions of Mrs. E. Pickering, the tenant in the premises, constituted a nuisance. The notice to vacate, as required by the Revised Statutes, was properly given and, after a trial, the rule was made absolute, and the defendant, Mrs. E. Pickering, ordered to vacate the premises.
Proceeding under the provisions of Act No. 156 of 1912, as amended by Act No. 260 of 1918, commonly known as the Pauper Act, Mrs. Pickering applied for an order granting a suspensive appeal without bond. The judge a quo refused to grant the said suspensive appeal, and Mrs. Pickering applied to this court for alternative writs of certiorari and mandamus to compel the issuance of the said appeal without bond. We issued the necessary order requiring the judge a quo to show cause why the said appeal should not be granted.
Suspensive appeals in ejectment proceedings such as this are controlled by Section 6599 of said Dart's Louisiana General Statutes, Rev.St. § 2157, which section reads as follows:
"When suspensive appeal will lie. — No appeal from any such judgment shall suspend execution unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true, and entitle him to retain the possession of the premises, and unless further, he give bond with good and sufficient security for all such damages as the appellee may sustain."
In spite of the fact that this section especially requires that where a suspensive appeal is applied for there must be "bond with good and sufficient security for all such damages as the appellee may sustain," Mrs. Pickering contends that by the provisions of the so called Pauper Act, she is relieved of the necessity of furnishing such bond, and she relies upon State ex rel. Messina v. Cage, La.App., 152 So. 399, as authority for her position in this regard. In that case we held, and we based our opinion on many prior authorities, that where a party appears in a litigated proceeding under the so called Pauper Act, and it is necessary for him to take a suspensive appeal, he may do so without bond if the judgment from which he is appealing does not require the payment of money; if, for instance, the dispute is over a fund which is already in the custody of the court and all that the bond is intended to cover is the cost which may be incurred.
Counsel for Mrs. Pickering contends that the reasoning which appears in the Messina case is applicable here for the reason that there is no money demand involved. Counsel, however, overlooks the fact that Section 6599, in requiring a suspensive appeal bond, contemplates that the appeal may cause special damages to the lessor. Just what these special damages may be we are not at liberty to speculate upon. However, it does come to our mind that although there may be no actual rent money involved, the landlord may be subjected to the possibility of losing other tenants, or he may be subjected to complaints by neighbors, *Page 111 
or, in other ways, he may sustain special damage such as is contemplated by that section of the Revised Statutes. It is quite obvious, then, that the reasoning of the Messina case has no application to a situation of this kind.
Where a tenant, against whom an order of ejectment has been issued, desires to appeal, he must, even though he appears under the Pauper Act, furnish "bond with good and sufficient security for all such damages as the appellee may sustain."
The alternative writs of certiorari and mandamus are recalled and the application of relator is dismissed at her cost.