(70 South. 96)

No. 21653.

JACKSON v. COUSIN.

In re JACKSON.

(Nov. 2, 1915.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ☞389 — APPEAL — BOND FOR COSTS—NECESSITY.

A plaintiff, intervener, or defendant who is otherwise within the meaning of Act No. 156 of 1912 is no more obliged to give a bond for costs in case of an appeal from an adverse judgment than for any other costs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2072–2076; Dec. Dig. ☞ 389; Reference, Cent. Dig. § 220.]

Action by Albert Jackson against George Cousin. Judgment for defendant, and, plaintiff's appeal without bond being refused, he applies for writ of mandamus directing that appeal be granted without bond. Ordered that alternative writ be made peremptory, and that appeal be granted as prayed.

Prentice E. Edrington, Jr., and Woodville & Woodville, all of New Orleans, for relator.

MONROE, C. J. Plaintiff brought and prosecuted this suit, without paying, or giving bond for, costs, under Act No. 156 of 1912, p. 233, and, judgment having been rendered against him, he applied for an appeal without bond, which was refused. He now prays for a writ of mandamus directing the judge a quo to grant the appeal without bond. The only return that we find in the record is a copy of a brief that was filed in the case of Adrien Serpas v. St. Bernard Cypress Company, 71 South. ——, in which it was argued, in support of a motion to dismiss the appeal, that:

"The provisions of Act No. 156 of * * * 1912 do not exempt an appellant from the furnishing of an appeal bond, whether devolutive or suspensive; the provisions of the act being limited to plaintiffs, interveners, and defendants, and to the payment of costs and the giving of bonds for costs."

The court held in the case referred to (not yet officially reported) that a "plaintiff, intervener, or defendant," does not, for the purposes of Act No. 156 of 1912, lose his character as such by becoming an appellant from an adverse judgment, and that a litigant who is otherwise within the statute is as much entitled to exemption from furnishing a bond for costs for the purposes of an appeal as for any other purpose. In this case the only bond that could be required would be a bond for costs, which the argument of the brief concedes that a plaintiff, intervener, or defendant (otherwise within the statute) is not obliged to give, and which we have held, and again hold, that a plaintiff, intervener, or defendant is not obliged to give in order to appeal from an adverse judgment.

It is therefore ordered that the alternative writ of mandamus herein issued be now made peremptory, and that the respondent judge be ordered to grant to applicant herein the appeal as prayed.