O’NIELL, J.
This appeal was taken by Mrs. Georgina T. Young, who had filed a petition of intervention or third opposition in the district court, in forma pauperis, under the provisions of the Act No. 156 of 1912.
The plaintiff in the original executory proceedings, defendant in the intervention or third opposition, has filed a motion to dismiss the appeal on the grounds: (1) That the appellant has not furnished an appeal bond; (2) that, if it be held that the order of the district court, allowing the intervener -or third opponent to prosecute her demand without furnishing a bond for costs or paying the costs as they accrue, exempted her from furnishing an appeal bond, then that the motion for an appeal should have contained the allegations required by the Act No. 156 of 1912, for permission to prosecute a suit without furnishing a bond for costs or paying the costs as they accrue, and that such allegations should have been supported by an affidavit; (3) that the proof required by the Act No. 156 of 1912 to prosecute a suit in forma pauperis was not made in the district court, and the judge was therefore not authorized to grant the order of appeal without requiring an appeal bond; (4) that the appellant is not a pauper, and is therefore not exempt from furnishing a bond for costs; and (5) that the judgment complained of is not appealable to this court.
[1] As the only bond required of an appellant to prosecute a devolutive appeal is a bond to secure the payment of the costs of court, it is well settled that the Act No. 156 of 1912, permitting a pauper to prosecute and defend in all of the courts of this state any action to which he or she may be a party, whether as plaintiff, defendant, or intervener, without paying the court costs as they accrue or furnishing bond for costs, permits the litigant to prosecute a devolutive appeal without furnishing an appeal bond. Jackson v. Cousin, 138 La. 197, 70 South. 96.
As to the second, third, and fourth grounds urged for demanding a dismissal of the appeal, it is sufficient to say that the proper allegations were made in the petition of intervention or third opposition, and were supported by the affidavits required by the Act No. 156 of 1912, to prosecute the suit in all of the courts of this state without paying costs or furnishing a bond for costs. The defendants in the opposition had the right, under the provisions of the statute, to traverse the allegations regarding the plaintiff’s right to prosecute her intervention or third opposition without paying costs or furnishing security for the payment.
*905 [2] The order of the district court, permitting the intervener or third opponent to prosecute her demand without paying costs or furnishing security for costs, carried with it permission to take a devolutive appeal from the judgment of that court without furnishing an appeal bond. It was not necessary for the appellant to repeat the allegation, that she was a pauper within the meaning df the statute in her motion or petition for an order of appeal; nor was it necessary for the court to repeat the dispensation in his order of appeal. The issue as to the right of the intervener or third opponent to prosecute her intervention or third opposition in the trial court and in the appellate court without paying costs or furnishing security for the payment was closed by the failure of the defendants in the intervention or third opposition to traverse the allegations at the proper time.
Taking up the fifth ground urged in the motion to dismiss the appeal, it appears that the appeal was taken from a judgment refusing to grant a preliminary injunction without bond. Appellee’s attorneys argue that it must be presumed that the sheriff has sold the property which he had seized, and which the intervener or third opponent attempted to enjoin him from selling. It is contended that an appellant has no further right to prosecute a devolutive appeal when it appears or may be inferred that the judgment complained of has been executed. The record does not disclose that the sheriff has sold the property seized, and we will not assume that he has done so.
The motion to dismiss the appeal is overruled.