BBUNOT, J.
 

 W. W. Page & Son brought an ejectment proceeding against Willie Washington. The latter pleaded that he was in the .actual possession of the property from which it was sought to eject him, and that he had held the property, for himself and his co-owners, for many years, under a prima facie valid deed. He prayed for a restraining order, for a rule to show cause why a preliminary injunction should not issue, and for a judgment maintaining and quieting hini in possession of the property. The court granted the restraining order, as prayed for, and the rule upon the defendants to show cause why the preliminary injunction should not issue. When these proceedings were had, the court was not in session. On the first day of the following term of the court, -the defendants excepted to the rule to show cause why the preliminary injunction should' not issue, upon the ground that the court had omitted'to fix the date in said order upon which defendants should make return thereto. When this exception was filed, both parties to the suit were in court, and the defendants announced their intention to file an answer to the petition, and asked the court to assign the case for a trial thereof. This was done. In due time the case was regularly tried, and judgment was rendered vacating the restraining order previously issued, rejecting all of the demands of the plaintiff, and rejecting the defendants’ demand for damages.
 

 From this judgment the plaintiff applied'"' for and obtained a suspensive appeal to the Court of Appeal. Belators complain of the order granting plaintiff a suspensive appeal from the judgment, and this proceeding attacks that order.
 

 We have stated the case as it is made to appear by the recital of facts in the returns of the trial judge and the plaintiff and by the record which has been sent up in connection therewith. These facts show that the appeal is from a final judgment on the merits of the case, and not from an interlocutory judgment vacating a restraining order and denying a preliminary injunction.
 

 In the matter of Young et al. v. Village of Bossier City, 152 Ha. 18, 92 So. 719, a final judgment was rendered on the merits and the injunction which had been sued out was dissolved. Upon the refusal of the trial judge to grant a suspensive appeal from that judgment, a writ of mandamus was applied for, and this court made the writ peremptory. In that case, Mr. Justice St. Paul, the organ of the court, said:
 

 “It is immaterial what might or might not have been plaintiff’s right to appeal had the injunction been dissolved by interlocutory judgment, on rule or otherwise. In the case before us there was, as above shown, a final judgment, disposing of the whole case on the merits, from which judgment plaintiff was entitled to an appeal as a matter of right. * * * But when appealable a judgment may always be appealed from suspensively, unless it comes within one of the excepted classes. This case does not.’’
 

 In the case of Martel v. Rovira et al., 164 La. 1099, 115 So. 283, the restraining order was set aside, the suit for injunction was dismissed, and a judgment for damages was rendered against the plaintiff and his sureties. The plaintiff applied for a devolutive appeal from the judgment dissolving the injunction and for a suspensive appeal from the judgment for damages. Both appeal's were denied. A fruitless application was made to the Court of Appeal for a writ of mandamus, and the supervisory power of this court was then invoked to compel the Court of Appeal to grant the writ. In that case we made the alternative writ of mandamus peremptory, and through Mr. Justice Thompson, the organ of the court, we said:
 

 
 *1003
 
 “It is very clear that under the Act [No. 29] of 1924 no right of appeal exists from a mere order dissolving a restraining order, and, if the judgment had gone no further, the refusal of the appeal by the district judge and the Court of Appeal would have been justified under the statute. But the judgment went further than merely dissolving the restraining order; it refused a preliminary injunction and. dismissed the relator’s suit.
 

 “It scarcely needs citation of authority to show that such a judgment is a final judgment, and that the plaintiff, whose suit is dismissed, and whose demand is rejected, has the absolute right of appeal, if the case is otherwise appealable.”
 

 The cases cited supra merely adhere to the generally recognized rule that the party cast in a final judgment rendered on the merits of a cause may appeal, in the alternative, from such judgment. The case at bar comes under the general rule, and, as Act 29 of 1924 does not apply to such cases, the plaintiff had an absolute right to a suspensive appeal from the judgment rendered therein.
 

 For the reasons stated, the writ of certiorari and order to show cause herein are recalled and vacated, and the relator’s application for writs of mandamus and prohibition is denied, at their cost.