## BUCKLEY v. THIBODEAUX et al.*
### No. 1362.

Court of Appeal of Louisiana.
First Circuit.

June 30, 1934.

C. A. Blanchard, of Morgan City, for appellants.

Ellender & Ellender, of Houma, for appellee.

LE BLANC, Judge.

Plaintiff, who obtained a judgment in the lower court in a boundary suit, moves this court now to dismiss the devolutive appeal granted to the four defendants herein on the ground that no appeal bond has been furnished. The defendants contend that the appeal is properly before the court without bond for the reason that they have been granted an order of appeal by the district judge under the provisions of Act No. 156 of 1912, as amended by Act No. 260 of 1918, which relieves them from the necessity of having to furnish such bond.

When the suit was instituted in the district court, the first pleading filed by the defendants was a motion in which they sought to have the court order the plaintiff to furnish a bond for the costs that might be incurred in the trial of the suit, under the provisions of Act No. 111 of 1926. Before the motion and rule had been decided by the court, each of the defendants filed an exception of misjoinder. After the rule had been decided against them, they filed a joint answer to the plaintiff's petition which put the case at issue, and it was subsequently heard and tried at great length, and as stated before, judgment was rendered against them. It was only after judgment had been rendered that they petitioned the court for a devolutive appeal, and asked to be permitted to prosecute the appeal under Act No. 156 of 1912, as amended by Act No. 260 of 1918, which gives to a litigant, because of poverty or inability to furnish bond, the right to prosecute an action in all of the courts of the state without the necessity of having to pay costs or giving bond therefor, provided he comes within the terms of and complies with the provisions of the act.

The question presented by this motion then is: Can a person who can qualify under

*Writ of error granted by Supreme Court Oct. 29, 1934.

the act, litigate his cause until judgment in the lower court, and if he is unfortunate enough to be the party cast, avail himself of the provisions of the act for the first time in the appellate court?

■ There is no doubt that once having obtained the order to litigate under the act in the lower court, its privilege and benefits inure to the litigant until the final disposition of the cause on appeal, which means, of course, that he can appeal devolutively from an unfavorable judgment without having to furnish a bond, which after all is only given to secure costs. The rights of the litigant in that respect have been recognized in several decisions, some of which are Kaufman v. Clark, 141 La. 316, 75 So. 65, L. R. A. 1917E, 756; Muller v. Johnson, 140 La. 902, 74 So. 189; Jackson v. Cousin, 138 La. 197, 70 So. 96; Mathis v. Kansas City Southern Ry. Co., 140 La. 855, 74 So. 172. In all of these cases except the last, it is made clear by the statement of the opinion that the party had availed himself of the provisions of the act in the lower court. In the last case cited it is not made clear, but from the language used we take it to be a fact also. All doubt as to the litigant's right to a devolutive appeal under the benefit of the act, once he had acquired rights under it in the lower court, was removed, however, by the amending Act No. 260 of 1918. In fact, such seems to have been the purpose of the amendment.

■■ There are several reasons which suggest themselves why the law contemplates that the litigant desiring to take advantage of its provisions cannot invoke them for the first time on appeal.

In the first place, the act itself, by its very terms, prescribes that "no person shall have the right to exercise the privilege herein granted unless he shall file with his petition, if a plaintiff, or with the first pleading he shall file, as intervenor or defendant, his own affidavit declaring that because of his poverty and want of means he is unable either to pay the costs of the case in advance or as they accrue or to give a bond for the payment of such costs, and the affidavit of a third person * * *" (Act No. 156 of 1912, § 2), which in effect is a supporting affidavit. The terms "plaintiff, intervenor and defendant" are, in their usual and ordinary sense, used to designate parties litigant in the court in which the cause originates. In the appellate court they become ordinarily appellants and appellees. The rule of construction of a law is that its words "are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words." Rev. Civ. Code, art. 14. Applying that rule, it would seem therefore that by using these terms, the intent of the statute is that if its privileges are to be exercised by parties who are "plaintiffs, intervenors and defendants," they must exercise them in such capacities in the court where they are generally designated by those terms. It would have been simple enough, it occurs to us, to have included appellants and appellees in providing for those whom its provisions would have been extended to, had it been the intention to so include them.

In the second place, the act makes it the duty of the judge, before granting the necessary order, "to make inquiry into the facts of the case" (Act No. 156 of 1912, § 2), and it is only after he is convinced by his examination that the party is unable to pay the costs or give bond for the same, that he shall grant the order. This proceeding, which the law makes mandatory, it seems to be implied, should be conducted at the very institution of suit by plaintiff, if he applies for the order, or on the first pleading being filed by an intervener or a defendant, if the application is made by either of those, as the very law itself provides.

As a third reason why we believe the statute contemplates that its provisions should first be invoked in the original court, we may mention that by its own terms, it gives to the adverse party in any cause in which the judge has granted the order to litigate under its benefits, "the right by a summary rule to traverse the truth of the applicant's claim, and if such traverse is successful the court shall rescind such order and condemn the applicant to pay all the costs accrued to date inclusive of the costs of the rule." Section 2. In the present case, as we have noted, the application was made for the first time, with the petition for appeal. The affidavit of the parties which is annexed to that petition bears date November 15, 1933, which is exactly two days before the expiration of a full year from the date of the judgment which was signed November 17, 1932. There is no way of telling if the petition for appeal was presented to the district judge on the 15th or 16th of November, 1933; however, his order granting the devolutive appeal under the benefit of the statute bears the date November 16, 1933. By the granting of that order of appeal, the district judge dispossessed himself of his jurisdiction in the case and it became impossible therefore for the adverse

party in the cause, who is the plaintiff in this case, to traverse the truth of the claim of the applicants to prosecute this appeal under the provisions of the statute because of their poverty and want of means. It cannot be contended that this traverse could be conducted in this court, so, it may be asked, what becomes of the right to traverse that is given to the adverse party under the very terms of the statute? The law expressly grants him that right and he cannot thus be deprived of it.

■ The order granted these defendants to prosecute this appeal in forma pauperis might be construed as relieving them from the payment of all costs of this suit as a bond given for a devolutive appeal is not only to secure the costs of appeal, but the costs incurred in the lower court as well. Gillis v. Carter, 29 La. Ann. 805; Ray v. Shehee, 34 La. Ann. 1106. It would hardly seem fair or just, under the circumstances, to permit these defendants to litigate their case at great length in the lower court and incur a large bill of costs, and at the end of the trial, after judgment has gone against them, let them come in and take advantage of a situation which would relieve them from the burden of paying, and all this, without having given the plaintiff the right, which he enjoyed under the act to traverse the truth of the claim they make of their poverty and inability to pay. This we do not believe was the purpose and intention of the lawmakers in enacting the statute.

All of these considerations have led us to the conclusion that the district judge was in error in granting the order of appeal to these defendants under the benefit of the statute, and the result is the same as if no order had been granted. An appeal without bond cannot be supported unless, as herein stated, the appellant had been relieved from the obligation by having exercised his privilege under the act at the proper time.

■ Counsel for defendants urges that the motion to dismiss the appeal cannot be entertained for the reason that in matters appertaining to appeal bonds the lower court retains jurisdiction and no appeal can be dismissed on account of insufficiency of or error in the bond, unless the motion complaining of such matter shall have been filed within three days after the return ·day. We presume that the contention is based on Act No. 112 of 1916, which provides for such matters in cases where a bond has been fur-

nished as is pointed out in counsel's own argument. Obviously, however, the provisions of the statute cannot relate to a case like the present, where no appeal bond was filed at all and the district judge, as we have held had no right to relieve the appellants from their obligation to furnish one.

We think that the motion to dismiss the appeal is properly before the court, that it was properly urged, and should be sustained.

For the foregoing reasons it is therefore ordered, adjudged, and decreed that the motion to dismiss the appeal be, and the same is hereby, sustained, and that the appeal herein be dismissed, at the costs of the defendants-appellants.