180 So. 489

Succession of JONES.

No. 34414.

April 4, 1938.

H. H. Richardson, Curator ad hoc, and B. D. Talley, both of Bogalusa, for appellant Christine Jones.

Guy V. Rich and M. I. Varnado, both of Bogalusa, for appellee Theodore T. Jones, administrator and individually.

HIGGINS, Justice.

This is an action by an emancipated minor against the administrator of the succession of her father to recover from him, in his capacity as such, and individually, the sum of $2,525.25, plus 20 per cent. penalty and interest for having illegally paid her three-fourths share of her inheritance in the proceeds of her father's war risk insurance to other heirs, while her appeal from the decision of the lower court overruling her opposition to the administrator's final account was pending in the Supreme Court.

The defendant answered, admitting that he had failed to recognize the plaintiff as an heir on his final account and tableaux of distribution, which was amended and homologated by the trial court, and that a suspensive and a devolutive appeal were applied for, but avers that only the devolutive appeal was perfected, and that after the delays for perfecting a suspensive appeal had expired and none had been perfected, he paid out the funds in accordance with the final judgment of the district

court, while the devolutive appeal was pending.

The case was submitted on the entire record of the succession proceedings, including those of the instant case, and judgment was rendered in favor of the defendant, rejecting the plaintiff's demand. She has appealed.

The record shows that Theodore T. Jones was appointed administrator of the estate of Ivan Lee Jones and received the balance of the proceeds of the war risk insurance of the deceased amounting to the sum of $3,367; that on June 13, 1934, the administrator filed his final account and tableaux of distribution of the funds, asking that it be approved and homologated by the court; that various oppositions were filed to the account and the tableaux and on July 30, 1934, Christine Jones, minor daughter of the deceased, now plaintiff herein, through a curator ad hoc, appointed by the court, filed an opposition to the account and tableaux of distribution of the administrator, claiming as an heir through her mother and, as such, entitled to three-fourths of all of the funds belonging to the estate; that after a hearing the opposition of Christine Jones was rejected, the account amended in other respects, and, as amended, was approved and homologated, the judgment having been signed on February 15, 1935; that the curator ad hoc of the minor immediately, in open court, on February 15, 1935, moved for a suspensive and a devolutive appeal, without bond, since the funds were in custodia legis and he had filed the opposition in behalf of the minor under the Pauper Stat-

ute, Act No. 156 of 1912, as amended by Act No. 260 of 1918; that the district judge entered an order for a suspensive appeal on furnishing bond in the sum of $3,500, and a devolutive appeal without bond, fixing the return date of the appeal on April 8, 1935; that on March 4, 1935, the administrator filed what he termed "a revised account," in accordance with the judgment of the district court, and on March 5, 1935, without any further authority of the court, and without citing the plaintiff as an heir, or without publishing the revised account, and pending the appeal, the administrator paid out all of the funds to the four creditors, whose claims arose as a result of opening the succession, and the nineteen collateral heirs, who claimed as heirs to the exclusion of the minor; that on May 25, 1936, this court held that Christine Jones, plaintiff herein, was the natural and duly acknowledged child of her mother, who survived her husband as widow in community, and was entitled to one-half of the insurance proceeds in her own right and one-half of the remaining half of the community under article 915 of the Revised Civil Code, as amended by Act No. 160 of 1920; and that Christine Jones, therefore, inherited her mother's share or three-fourths of $3,367, the proceeds of the insurance policy, and that the brothers and sisters of the deceased, Ivan Lee Jones, i. e., the children of the surviving mother of the de cujus (his father had predeceased him) and their descendents inherited the remaining one-fourth of the fund of $3,367, in their respective proportions; that this

court, accordingly, amended the final account and tableaux of distribution and, as amended, approved and homologated it, remanding the case to the lower court for further proceedings; that on July 1, 1936, after the judgment of this court became final, the curator ad hoc of the minor filed a rule against the administrator and the sureties on his bond to show cause why the funds should not be distributed according to the judgment of this court, and, in the alternative, if the funds had been disbursed, why judgment should not be rendered against the administrator and the sureties on his bond, individually and in solido, for the amount due her of $2,525.25; that the exceptions of prematurity and misjoinder filed by the sureties were sustained, and after defendant had answered, admitting that he had paid out the funds, in accordance with the judgment of the lower court, homologating the final account, as amended, the district court held that the plaintiff in the rule was obliged to proceed by direct suit and not in a summary manner against the administrator; and that the present suit was then filed in forma pauperis against the administrator in his capacity as such and individually for three-fourths of the said fund or $2,525.25, with 20 per cent. penalty and legal interest, and with full reservation of petitioner's rights against the sureties on the administrator's bond.

Plaintiff in her brief makes the following assignment of errors:

"1. The Court erred in holding that the provisions of the Civil Code, which specifically says that the Administrator shall hold in his hands sufficient funds to pay oppositions when there is an appeal, did not apply unless the appeal was a suspensive appeal, and further, that the appeal taken by the minor, under the Pauper Act, in a case where the funds are in the hands of the Court, was not sufficient to serve as a suspensive appeal, thus permitting the administrator to pay out the funds as he did.

"2. The Court erred in holding that the account of the administrator could be homologated without the advertisement required by law.

"3. The Court erred in holding that a judgment homologating an account, which distributes the funds to the heirs, is binding on the heirs without citation. Especially is this true when there has been no notice by publication."

We shall discuss these assignments in the above order.

Article 1066 of the Revised Civil Code reads:

"If, on the contrary, there is any opposition to the payment or to the tableau of distribution, the judge shall decide thereon in a summary manner; but if his decision be appealed from, the administrator can make no payment, until final judgment be rendered thereon."

Article 1187 of the Revised Civil Code provides:

"If the decision of the judge thereon be appealed from, the curator is bound to retain a sufficient sum to satisfy the claims on which the opposition is made, with interest and costs; but can not, under the pre-

text of this appeal, refuse to distribute among the creditors, whose debts or privileges are not contested, the surplus remaining after this sum being retained."

The trial court adopted the contention of the defendant that the appeal referred to in the foregoing articles of the Revised Civil Code is a suspensive and not a devolutive one, citing articles 575, 578 of the Code of Practice and sections 6 and 7 of Act No. 163 of 1898; and that the plaintiff perfected only a devolutive appeal, having failed to furnish the bond of $3,500.

■ The defendant concedes it to be the established jurisprudence of this state that when a fund is in dispute and in the custody of the court a suspensive appeal may be taken on furnishing a cost bond only. State v. Judge, 44 La.Ann. 564, 10 So. 866; Metropolitan Bank et al. v. Blaise, 109 La. 92, 33 So. 95.

■ It is also conceded that under the provisions of Act No. 156 of 1912, commonly called the Forma Pauperis Act, as amended by Act No. 260 of 1918, as construed and interpreted by this court in the Succession of Wolfe, 180 La. 688, 157 So. 391, that the appellant is entitled to a devolutive appeal without furnishing a cost bond where he has availed himself of the provisions of the statute, because such a bond serves no other purpose than to secure the payment of the court costs. See, also, Jackson v. Cousin, 138 La. 197, 198, 70 So. 96; Smith v. Lyon Cypress Co., 140 La. 507, 73 So. 312; Mathis v. Kansas City So. R. Co., 140 La. 855, 74 So. 172; Muller v. Johnson, 140 La. 902, 74 So. 189.

■ The funds in the instant case were in custodia legis. In re Receivership of New Iberia Cotton Mill Co., 109 La. 875, 33 So. 903.

■ Therefore, since in both a suspensive appeal and a devolutive appeal, where the funds are in custodia legis, the appellant is entitled to an appeal upon furnishing merely a bond for costs and, as a pauper, is entitled to appeal without furnishing an appeal bond for costs, it logically and clearly follows that in a case where the funds are in custodia legis, the pauper is entitled to appeal suspensively without furnishing a cost bond. Hence, the district judge, who granted the order of appeal in the instant case, was powerless and without right to require and order the pauper to furnish a $3,500 suspensive appeal bond, and, having granted an order for a suspensive appeal, the part thereof requiring a $3,500 suspensive bond will be considered surplusage, because the law exempted the minor, as appellant, from furnishing such a suspensive appeal bond as ordinarily required, the funds being in custodia legis, and also exempted the minor as a pauper from filing a cost bond, because she had availed herself of the provisions of that statute.

The transcript was duly logged in this court within the return day, as extended by proper order, on April 30, 1935.

■ In the case of the Southern Bell Tel. & Tel. Co. v. Louisiana Public Service Commission, 185 La. 729, 170 So. 548, 550, the appellee moved to dismiss the appeal taken by the commission from a judgment of the lower court rendered on

the trial of the merits, setting aside and declaring null the commission's order affecting the appellee's rights and granting a permanent injunction against the enforcement of the order, and, in the alternative, the appellee asked that if the appeal be not dismissed, that it be maintained as a devolutive appeal only. The record showed that the appellant applied for an order of appeal to this court, either suspensive or devolutive, and that the trial judge granted the order of appeal accordingly, fixed the return day, and dispensed appellant from furnishing an appeal bond. In determining the issues, we said:

"As an alternative plea, we are requested by appellee's counsel to determine whether the appeal in this case is suspensive or devolutive only. It is said that, if we conclude that it is suspensive, such appeal deprives appellee of its property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States, in that it would result in compelling appellee to either obey the commission's order under judicial review or be subjected to enormous penalties.

"It is fundamental that only one appeal can be taken from a judgment, and, when an order of appeal grants the appellant an appeal in the alternative, suspensive or devolutive, it does not mean that appellant has two appeals but that he may perfect either. Orlando v. Reliance Homestead Ass'n, 171 La. 1027, 132 So. 777. It therefore follows that, when an order grants an appeal in the alternative, the character of the appeal is determined by the amount of the bond fur-

nished by the appellant and the time within which the bond is filed, and, if the bond is sufficient for a suspensive appeal and is filed within the time fixed for such an appeal, the appeal is suspensive. In this case the appellant was dispensed from furnishing an appeal bond, under the express provisions of article 6, § 5, of the Constitution of 1921, and generally under the provisions of Act No. 173 of 1902. When an appellant is exempt from furnishing an appeal bond, as in this case, the rendition of the order of appeal has the same effect as the filing of the bond in ordinary cases; thus the appeal is ipso facto perfected by the order granting it. Board of Commissioners v. Howard Land & Timber Co., 132 La. 911, 61 So. 868; Board of Commissioners v. Concordia Land & Timber Co., 132 La. 915, 61 So. 869; Board of Commissioners v. Hops, 132 La. 915, 61 So. 869; Board of Commissioners v. Farmer-Wren Land Co., 132 La. 916, 61 So. 870. * * *

"Moreover, in appealable cases, the party cast always has the right to take a suspensive appeal from the final judgment except in those cases in which the law expressly provides otherwise. Young v. Village of Bossier City, 152 La. 18, 92 So. 719; Washington v. W. W. Page & Son, 165 La. 1000, 116 So. 486; Everett v. Hue & Aarnes, 173 La. 420, 137 So. 201.

"*The appellant, having complied with all the requirements. for taking a suspensive appeal, is entitled to have the appeal treated as such.*" (Italics ours.)

In the instant case, the appellant complied with all of the requirements of the law for taking a suspensive appeal, except that part of the order of the trial judge, which would have required her to do more than the law exacted of her to perfect a suspensive appeal.

The mere fact that the district judge exacts of the appellant in the order of appeal more than the law requires for a suspensive appeal does not deprive the litigant of his suspensive appeal, if he complies with all the law provides is necessary to perfect such an appeal. The trial judge cannot change the requirements of the law for such an appeal by merely adding additional requirements, which he thinks should be exacted by law. The law favors appeals and all doubts, wherever possible, are resolved in favor of the appeal. Giacona v. Juliani, 3 La.App. 317.

The curator ad hoc for the minor protested against and reserved a bill of exception to the ruling of the trial court in fixing a suspensive appeal bond at $3,500. It is true that he did not ask for writs of prohibition and certiorari, in order to have this error corrected, but the fact remains that the appellant either perfected or did not perfect a suspensive appeal by meeting all of the requirements of the law for a suspensive appeal. The administrator elected to consider it a devolutive appeal without taking any proceedings to determine that question, simply because the $3,500 bond required by the trial judge was not filed. The judgment of the district judge homologating the account as amended was signed on February 15, 1935, and on March 5, 1935, without any further judgment of the court, the administrator paid all of the funds to the creditors and the heirs recognized by the judgment appealed from and failed to retain in his hands sufficient funds with which to pay the minor, in the event her appeal was successful. It is our opinion that the minor perfected a suspensive appeal. State ex rel. Messina v. Cage, Judge, La.App., 152 So. 399; Crawford v. Tampa Interocean S. S. Co., La.App., 159 So. 353.

Having reached the conclusion that the appeal was a suspensive and not a devolutive one, and the administrator having admitted that he paid all of the funds out while this appeal was pending to other parties without retaining enough to satisfy the plaintiff's claim, he is liable both individually and as administrator for the amount that is due her.

Plaintiff invokes article 1150 of the Revised Civil Code, claiming 20 per cent. interest per annum for unlawful payment of the funds. We do not consider this Article apposite here because the case does not come within the intendment of the article. In re Dimmick's Estate, 111 La. 655, 35 So. 801.

For the reasons assigned, it is ordered, adjudged, and decreed that there be judgment herein in favor of Christine Jones, wife of Ralph Booty, and against Theodore T. Jones, individually and as administrator of the Succession of Ivan (Irwin) Lee Jones, in the sum of $2,525.25, with legal

interest from date of judicial demand until paid, and with full reservation of her rights to proceed in an appropriate action against the sureties on the bond of Theodore T. Jones, administrator of the Succession·of Ivan (Irwin) Lee ·Jones; appellee to pay all costs of court.

O'NIELL, C. J., does not take part.

LAND, J., absent.