HARDY, Judge.
Plaintiff instituted this suit seeking the annulment of a judgment rendered in the matter of the succession of his deceased brother and further praying to be placed in possession of an undivided one-fourth interest in the estate of said decedent. From a judgment in favor of defendant wife of decedent sustaining her plea of res judicata and dismissing plaintiff’s suit, this appeal was taken. Before this court defendant-appellee has filed a motion to dismiss the appeal on the ground that the same was not perfected within one year from date of the signing of judgment in the district court.
The minutes of the district court show that judgment was read, signed and filed on April 20, 1955; that orders of devolutive appeal were granted on April 18, 1956, and that plaintiff-appellant filed an appeal bond, in the amount fixed, on May 7, 1956. It is obvious from the chronological recapitulation above set forth that plaintiff’s appeal was not perfected by the filing of bond until after the lapse of a period of more than one year from date of signing of the judgment.
Our jurisprudence has conclusively established the principle that the period of one year for the taking of a devolutive appeal, as provided by Article 593 of the Code of Practice, must be interpreted as requiring the completion of the appeal by the filing of bond, Fisher v. International Brotherhood of Electrical Workers, etc., 218 La. 243, 48 So.2d 911, and cases cited therein. The latest pronouncement of this proposition is found in Schouest v. Loewenthal, La.App., 58 So.2d 425, decided by our brethren of the Orleans Court.
For the reasons assigned the motion is sustained and the appeal is dismissed at appellant’s cost.