PER CURIAM.
This motion to dismiss the plaintiff’s appeal is primarily based upon the failure of the in forma pauperis plaintiff to file an appeal bond according to the terms of the order of appeal.
Plaintiff brought suit in forma pauperis against defendants-appellees on June 11, 1962. At the time suit was filed, by order of the District Court, the plaintiff was relieved from paying costs, in advance or as they accrued, and was further relieved from furnishing bond for said costs. On October 8, 1964, summary judgment was rendered in favor of defendants, dismissing plaintiff’s suit.
Upon motion made in open court on plaintiff’s behalf, the District Court granted plaintiff a devolutive appeal on October 16, 1964, made returnable to this court on December 11, 1964, upon the furnishing of bond in the sum of $234.30. No bond was ever posted. Subsequently, on the application of the Clerk of the District Court the return date was extended to January 11, 1965 and then to February 11, 1965.
On motion of plaintiff, on February 4, 1965, the order of October 16, 1964 granting the appeal and requiring bond therefor, was amended to show that the appeal is in forma pauperis.
Defendants’ motion to dismiss plaintiff’s appeal is principally based on plaintiff’s failure to post security by the original return day in the amount of $234.40 as required by the District Court’s order of October 1964. The motion to dismiss is without merit.
Plaintiff was granted the privilege of prosecuting his suit in forma pauperis. Under LSA-CCP Arts. 5181 et seq., one may prosecute an action “without paying the costs in advance, or as they accrue, or furnishing security therefor.” Once a litigant obtains the privilege of litigating in forma pauperis, at least until the order is rescinded, the benefits of the privilege inure to the litigant until the final disposition of the cause on appeal. LSA-CCP Art. 5185. The benefits include the right to appeal without bond, and the order of appeal need not specify that no bond is required, the appeal being perfected ipso facto by the granting of the order of appeal in favor of an in forma pauperis party.[1] Muller v. Johnson, 140 La. 902, 74 So. 189. Accordingly, a district court errs in exacting an appeal bond of an in forma pauperis party statutorily entitled to appeal without bond; further, such an improper bond requirement is treated as surplusage in the order of appeal, and the pauper party’s appeal will be treated as perfected by the order granting the appeal even if no bond is filed in accordance therewith, and the appeal will be considered on the merits by the appellate court as in the case of all other perfected appeals. Succession of Jones, 189 La. 693, 180 So. 489; Picou v. J. B. Luke’s Sons, La.App. 1 Cir., 11 So.2d 38, affirmed 204 La. 881, 16 So.2d 466.
The cases cited by movers are not in point. Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666, Fisher v. International Brotherhood of Electrical Workers, etc., 218 La. 243, 48 So.2d 911, and George v. Winston, La.App. 2 Cir., 90 So.2d 590, concern instances where an appeal bond, properly required under procedural statutes, was filed subsequent to the delay allowed for perfection of the appeal, so that the appeal was not perfected timely. They do not ' concern in forma pauperis parties whose appeals were perfected timely by the granting of the order of appeal.
*682 Movers’ alternative ground to dismiss the appeal, that the record was not filed prior to the original return day, is equally without merit. Under LSA-CCP Art. 2125, pursuant to applications of the Clerk of the District Court, on December 9th (immediately before expiration of the original return day of December 11th) the District Court extended the return day to January 11, 1965, and again on January 8, 1965, the court extended the return day to February 11th. The record was lodged in this court on February 10, 1965, within the second extended return day. The appeal was thus timely filed in this court within the extended return day, as permitted by statute. LSA-CCP Art. 2127.
Therefore the motion to dismiss this appeal is denied.
Motion denied.

. Under LSA-CCP Art. 2088, an appeal is perfected by the timely filing of an appeal bond, “or if no bond is required, upon the granting of the order of appeal.”