AYRES, Judge.
Plaintiff and defendant, formerly husband and wife, were divorced on September 14, 1966. The judgment of divorce made no reference to nor provision for the support of the two minor children, issue of their marriage, nor provision for plaintiff’s support. In instituting this action on August 17, 1971, plaintiff sought a judgment against her former husband condemning him to contribute support to her and the children. After trial of this cause there was judgment in plaintiff’s favor condemning the defendant to pay to plaintiff for the support of the minor children the sum of $25 per week. The judgment, silent as to plaintiff’s individual support, impliedly rejected her demands for such support. From that judgment plaintiff, in open court on September 9, 1971, moved for and was granted a devolutive appeal to this court, returnable on or before October 8, 1971, conditioned, however, upon her posting an appeal bond in the sum of $150.
Notwithstanding that upon the institution of this action plaintiff had secured an order of court authorizing her to institute and prosecute this action in forma pauperis under the provisions of LSA-C.C.P. Art. 5181 et seq., plaintiff was required to file the aforesaid appeal bond. The court refused plaintiff’s additional request that she be permitted to prosecute her appeal without the posting of an appeal bond, whereupon the court announced the order had been signed in error and that it was being recalled.
Upon application to this court for writs, plaintiff contended that her action came within that category of actions contemplated by the appropriate statute in which the payment of costs or the advancement of security may be dispensed with. She further contended that that portion of LSA-C.C.P. Art. 5181 excluding suits for divorce and separation from the privileges conferred by the article relative to the payment of costs, et cetera, was unconstitutional. This court directed that a writ of certiorari issue to the end that the propriety of the action of the lower court in refusing plaintiff the right to proceed with her action on appeal without the posting of an appeal bond may be considered and a determination of the question presented be made. The record, pursuant to our order, has been lodged in this court and is now before us for review.
The order permitting plaintiff to proceed in forma pauperis was predicated upon the provisions of LSA-C.C.P. Art. 5181 as amended by Act 336 of 1964. Under the language of this article it is declared :
“A person who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor.
*251 “As used in this chapter: ‘judicial proceeding’ includes a rule for contempt for failure to pay alimony or child support ordered by the court, but otherwise excludes an action for a divorce or for a separation from bed and board; and ‘person’ means an individual who is a citizen of this state, or an alien domiciled therein for more than three years.” (Emphasis supplied.)
The court’s refusal of plaintiff’s request to proceed with her appeal without bond was apparently based upon the belief that this article excluded from its application actions concerning alimony and child support, which ofttimes are incident to actions for divorce or for a separation. This interpretation of the language of the article is in our opinion, erroneous. Under the language of the statute, the only actions excluded from the privilege of litigating in forma pauperis are those for a divorce or for a separation a mensa et tho-ro. The action now before us is neither; it is an action by a former wife for her support as well as support for the minor children. Plaintiff is, in our interpretation and appreciation of the intent and purpose of the statute, entitled to the privilege of proceeding herein without further payment of costs and without the necessity of furnishing bond as a prerequisite to the prosecution of her devolutive appeal.
Creel v. Creel, 201 So.2d 871, 873 (La.App., 4th Cir. 1967).
Moreover, as heretofore noted, plaintiff, upon the institution of this action, obtained an order authorizing its filing and prosecution without the payment of cost or the furnishing of bond therefor. With respect to the continuation of this order in force and effect, LSA-C.C.P. Art. 5185 provides :
“When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:
* * * * * *
“(4) The right to a devolutive appeal, and to apply for supervisory writs.”
Prerequisite to the rescinding of such an order is the filing of a rule against the party authorized to prosecute a proceeding without the payment of costs or the giving of security therefor and a contradictory hearing thereon. LSA-C.C.P. Art. 5184.
No such rule has been filed nor hearing had with respect thereto. Therefore, the order continues in full force and effect.
That portion of the court’s order directing the party proceeding in forma pauperis to furnish an appeal bond must be treated as surplusage. Consequently, the appeal will be taken as perfected by the order granting the appeal though no bond is filed in accordance therewith. Appropriate here is the observation made by our brethren of the Third Circuit in Courville v. Anchor Gasoline Corporation, 174 So.2d 680, 681 (La.App.1965), wherein it was stated:
“Plaintiff was granted the privilege of prosecuting his suit in forma pauperis. Under LSA-CCP Arts. 5181 et seq., one may prosecute an action ‘without paying the costs in advance, or as they accrue, or furnishing security therefor.’ Once a litigant obtains the privilege of litigating in forma pauperis, at least until the order is rescinded, the benefits of the privilege inure to the litigant until the final disposition of the cause on appeal. LSA-CCP Art. 5185. The benefits include the right to appeal without bond, and the order of appeal need not specify that no bond is required, the appeal being perfected ipso facto by the granting of the order of appeal in favor of an in forma pauperis party. Muller v. Johnson, 140 La. 902, 74 So. 189. Accordingly, a district court errs in exacting an appeal bond of an in forma pau-peris party statutorily entitled to appeal without bond; further, such an improper *252 bond, requirement is treated as surplus-age in the order of appeal, and the pauper party’s appeal will be treated as perfected by the order granting the appeal even if no bond is filed in accordance therewith, and the appeal will be considered on the merits by the appellate court as in the case of all other perfected appeals.” (Emphasis supplied.)
The holding in Succession of Jones, 189 La. 693, 180 So. 489, 492 (1938), is likewise appropriate here. There it was stated :
“It is also conceded that under the provisions of Act No. 156 of 1912, commonly called the Forma Pauperis Act, as amended by Act No. 260 of 1918, as construed and interpreted by this court in the Succession of Wolfe, 180 La. 688, 157 So. 391, that the appellant is entitled to a devolutive appeal without furnishing a cost bond where he has availed himself of the provisions of the statute, because such a bond serves no other purpose than to secure the payment of the court costs. See, also, Jackson v. Cousin, 138 La. 197, 198, 70 So. 96; Smith v. Lyon Cypress Co., 140 La. 507, 73 So. 312; Mathis v. Kansas City So. R. Co., 140 La. 855, 74 So. 172; Muller v. Johnson, 140 La. 902, 74 So. 189.”
With respect to plaintiff’s attack on the constitutionality of that portion of LSA-C.C.P. Art. 5181, excluding divorce and separation actions from the benefits provided by the article, it may be pointed out that inasmuch as the instant action does not come within the exclusions, plaintiff is, at present, without right or interest in the question, and, consequently, no necessity exists warranting our concern, at this time, with its resolution.
Therefore, for the reasons assigned, the writ of certiorari issued herein is perpetuated and made final; and, accordingly, the record of this cause now lodged in this court pursuant to our order, directing that a writ of certiorari issue, is hereby ordered filed in this court pursuant to and in compliance with the trial court’s order of appeal granted on September 9, 1971, which record is now accordingly ordered filed, nunc pro tunc, as of the return date, October 8, 1971.
The defendant, Earl K. Jackson, Sr., is assessed with the costs presently accrued in this court.