HALL, Judge.
This workmen’s compensation suit was brought by plaintiff-appellant, William J. Steiner, against defendants-appellees, Pel State Oil Company and its insurer, Fidelity & Casualty Company. The plaintiff seeks workmen’s compensation benefits for total and permanent disability, medical expenses, penalties and attorney’s fees, alleging that he injured his back in an accident on or about August 11, 1971, while changing a tire in the course of his employment as the manager of a service station for Pel State. Following trial- of the case the district court found that plaintiff failed to carry the burden of proving that the disc injury for which he was operated on in October, 1971, was in any way related to his employment or that he was injured on the *337 job. From a judgment rejecting plaintiff’s demands, plaintiff appealed.
MOTION TO DISMISS APPEAL
Defendants filed a motion to dismiss this appeal on the grounds that plaintiff failed to timely pay the cost for preparing the record on appeal not later than three days prior to the return day as required by LSA-C.C.P. 2126, failed to timely file an appeal bond, and failed to cause the record to be timely lodged in this court.
Judgment was signed on May 15, 1972. The minutes of the district court reflect that on May 17, 1972, a devolutive appeal was granted returnable July 10, 1972, with the appeal bond fixed at $150. Costs of preparing the transcript' were paid and the appeal bond was filed on July 10, 1972. The transcript was lodged in this court on July 12, 1972.
The record shows an order was signed at the time suit was filed permitting plaintiff to proceed in forma pauperis. The record further shows that this order has never been rescinded pursuant to a rule to traverse as required by LSA-C.C.P. 5184. No rule to traverse having been filed, nothing contained in the order granting the appeal affects the right of plaintiff to continue this litigation, including an appeal, without the payment of costs. LSA-C.C.P. 5185; Jackson v. Jackson, 255 So.2d 249 (La.App.2d Cir. 1971). The failure to lodge the record in this court on or before the return date cannot be attributed to any fault or neglect on the part of plaintiff. The motion to dismiss is overruled.
ON THE MERITS
The threshold and dispositive issue presented by this appeal is whether plaintiff proved his herniated disc resulted from an on-the-job accident. We concur in the trial judge’s finding that plaintiff failed to carry the burden of proof.
Plaintiff was employed by Pel State Oil Company as manager of one of its Fina Service Stations located in Shreveport. His duties consisted of servicing automobiles with gasoline and oil, loading oil cans, changing tires, operating the tire-changing machine and the other usual duties of a service station attendant, since plaintiff often worked alone at the station without any assistance. Plaintiff alleged and testified that on or about August 11, 1971, he was changing a tire when the crowbar slipped causing him to fall backwards against a tire rack. Plaintiff testified that he received a cut and blackened eye in the accident, but that he did not experience any back pain until several weeks later. Plaintiff testified he continued to work at the service station until the latter part of September, at which time he was experiencing severe and disabling back pain. He went to the Veterans Administration Hospital on October 14, and a laminectomy was performed on October 28, revealing a herniated disc at the same level where a previous herniated disc was removed some three years earlier.
The burden of proving a compen-sable accident and injury by a preponderance of the evidence to a legal certainty is on the plaintiff. Roberts v. M. S. Carroll Co., 68 So.2d 689 (La.App.2d Cir. 1953). Compensation can be awarded on the basis of the claimant’s testimony alone when supported by the surrounding circumstances. Gray v. Southern Farm Bureau Casualty Ins. Co., 134 So.2d 588 (La.App.2d Cir. 1961). In the instant case, the surrounding facts and circumstances do not support plaintiff’s testimony, but on the other hand as commented by the trial judge, “point the other way”.
Plaintiff testified he immediately informed his supervisor, George Robinson, and the chief supervisor of his accident and injury. Robinson testified that although .he was in contact with plaintiff daily and did observe plaintiff’s black eye, plaintiff never told him he was injured on *338 the job. There is no other evidence that plaintiff reported the accident to his employer.
Plaintiff’s friend, William Young, who helped plaintiff out at the station in the latter part of September, and who was “batching together” with plaintiff at the time of trial, testified he saw plaintiff’s black eye and observed him in pain during the time he was helping out at the station. His testimony, however, sheds no light on the occurrence of the accident in August or any other accident on the job nor the connection of the alleged accident with the plaintiff’s back condition.
The testimony of the Veterans Administration doctors who testified at the trial reveals that plaintiff was examined for complaints of back pain in the early part of July, 1971, several weeks prior to the alleged accident. Their testimony also reveals that at the time he was admitted to the Veterans Administration Hospital in October, plaintiff gave a history of onset of pain only a few days prior to being admitted to the hospital. Specifically, plaintiff said he experienced severe back pain around October 10, after an automobile trip. Both doctors testified plaintiff never mentioned being injured in an on-the-job accident in August.
Bearing on plaintiff’s creditability is the fact that he disclaimed having any previous workmen’s compensation claims in his application for employment with Pel State, whereas he actually had settled a workmen’s compensation suit arising out of his previous disc injury some three years earlier for a significant sum.
The trial judge commented that he considered “the demeanor of the witnesses and the creditability of the same” in reaching his decision. We agree with the trial judge’s evaluation of the evidence and his conclusion that plaintiff failed to prove his case.
For the reasons assigned, the judgment of the district court is affirmed.
Affirmed.