LANDRY, Judge.
J. J. Meaux (Applicant) seeks to invoke the supervisory jurisdiction of this court to review a trial court judgment granting Applicant a devolutive appeal upon posting bond in the sum of $350.00, unless bond was dispensed with upon Applicant showing his entitlement to continue to proceed in forma pauperis pursuant to LSA-C.C.P. Article 5181, et seq., notwithstanding the trial court’s having previously signed an ex parte order permitting Applicant to litigate in forma pauperis. Applicant also seeks review of the trial court’s denial of his rule to proceed in forma pauperis filed subsequent to his posting the required appeal bond. Additionally, Applicant seeks judgment dispensing him from the obligation of paying the filing fee of $25.00 required by LSA-R.S. 13:352(2), for filing this writ application in the appellate court.
Plaintiff (Respondent) instituted this action for judgment against Applicant on an open account. On October 31, 1973, Applicant, on his ex parte motion, was authorized to proceed in forma pauperis. On May 31,1974, judgment was rendered below in favor of Respondent and Applicant’s third party demand against Cargill, Inc., et al, was dismissed. Applicant’s timely motion for new trial was heard and denied on October 29,1974, on which same date Applicant moved for and was granted a devolu-tive appeal, returnable December 28, 1974 “ — upon plaintiff (sic) furnishing bond in the amount of $350.00; unless bond id (sic) dispensed with on application of appellant pursuant to Louisiana Code of Civil Procedure 5181; et seq. (sic)”. On December 12, 1974, within the ninety-day devolutive appeal period, Applicant moved for a devolu-tive appeal in forma pauperis which motion was set for hearing on February 24, 1975, and the return date extended to March 24, 1975. On February 24,1975, the hearing on Applicant’s motion to appeal in forma pau-peris was continued to February 27, 1975, on which date the motion was heard and denied. It suffices to state that the transcript of the hearing amply supports the decision of the trial court rescinding its previous order permitting Applicant to proceed in forma pauperis. On February 27, 1975, Applicant applied for and was granted a devolutive appeal with bond set in the amount of $350.00 and a suspensive appeal for which a $5,000.00 bond was set. Applicant posted both bonds that same day. On April 7, 1976 (erroneously appearing of record as February 7, 1976), Applicant again moved the trial court for an order permitting him to proceed in forma pauper-is, contending his financial circumstances changed drastically when Applicant became *423 disabled because of injuries sustained in a traffic accident on February 26, 1976. The trial court declined to hear Applicant’s motion to proceed in forma pauperis on the ground that its jurisdiction was divested when Applicant posted bond for appeal on February 27, 1975.
Applicant contends appellate jurisdiction vested in this court upon the granting of his devolutive appeal on October 29,1974. Because the prior order authorizing his proceeding in forma pauperis was then in effect and had not been rescinded, Applicant contends the fixing of an appeal bond was beyond the authority of the trial court.
Applicant invokes LSA-C.C.P. Article 2088 which provides that the jurisdiction of a trial court is divested and that of the appellate court attaches upon the timely filing of an appeal bond where bond is required, or the granting of an order of appeal where no bond is necessary. Thereafter, the trial court has jurisdiction only to test the solvency of the surety on the bond; to consider objections to the form, substance and sufficiency of the appeal bond; and to permit the curing of such defects as otherwise provided by law.
LSA-C.C.P. Article 5185, pertinently provides:
“When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:
******
(4) The right to a devolutive appeal, and to apply for supervisory writs.”
Our codal provisions authorizing indigents to sue in forma pauperis are to be liberally construed in favor of affording a litigant his day in court. Brumfield v. Community Mobile Homes, Inc., 315 So.2d 901, 902 (La.App. 1st Cir. 1975).
Notwithstanding the liberal construction of codal provisions authorizing indigents to sue in forma pauperis, trial courts have the authority as well as the duty of continuous scrutiny to prevent abuse of the privilege. Said authority is subject only to the requirement of due process, namely, that an evidentiary hearing is required when rescission of an order to proceed in forma pauperis depends upon contested factual issues. City Stores Co. v. Petersen, 263 La. 577, 268 So.2d 662, 663 (1972).
Where an order to proceed in forma pauperis is granted on an ex parte motion and the trial court subsequently learns that the litigant may not be entitled to continue the litigation in forma pauperis, the trial court has authority to order a contradictory hearing at any stage of the proceeding prior to perfection of an appeal. City Stores Co. v. Petersen, above.
Where an order to proceed in forma pauperis remains unrescinded and an indigent is granted a devolutive appeal upon furnishing bond, but the order of appeal contains no language otherwise affecting the right to proceed in forma pauperis, the appeal is perfected immediately upon granting the order for appeal. Steiner v. Pel State Oil Company, Inc., 271 So.2d 335 (La.App. 2nd Cir. 1972); Jackson v. Jackson, 255 So.2d 249 (La.App. 2nd Cir. 1971); Courville v. Anchor Gasoline Corporation, 174 So.2d 680 (La.App. 3rd Cir. 1965).
Applicant correctly urges that upon perfection of an appeal, the trial court is divested of all jurisdiction except that to test the solvency of the surety on the appeal bond; to consider objections to the form, substance and sufficiency of the appeal bond; and to permit curing of such defects as otherwise provided by law. LSA-C.C.P. Article 2088.
In this instance, however, the trial court declined to grant Applicant an appeal instanter in forma pauperis and conditioned the devolutive appeal granted upon Applicant either furnishing bond in a specified sum or showing Applicant’s continued entitlement to proceed as an indigent. This we believe to be well within the discretion permitted the trial court in instances of this nature considering it is the duty and obligation of the trial court to continuously scrutinize such situations to prevent abuse of the *424 privilege. City Stores Co. v. Petersen, above. Under the circumstances, we hold that the jurisdiction of the appellate court did not vest in this instance upon rendition of the order of appeal entered herein. We find the instant matter clearly distinguishable from Steiner v. Pel State Oil Company, Inc., above; Jackson v. Jackson, above; and Courville v. Anchor Gasoline Corporation, above, in which the orders of appeal granted made no mention of Appellant’s right to continue to litigate as an indigent.
Applicant’s motion to proceed in forma pauperis, filed December 12, 1974, was within the 90-day devolutive appeal period. However, the motion was not heard until February 27, 1975, on which same date it was denied, the former order to proceed as an indigent was rescinded and Applicant was ordered to post bond for a devolutive and suspensive appeal. It is significant that this judgment was rendered subsequent to the expiration of the 90-day devol-utive appeal period applicable in this instance, and that on this same day Applicant posted bond for both a suspensive and a devolutive appeal.
It is well settled that an appellate court may ex proprio motu notice the untimely filing of an appeal bond. LSA-C.C.P. Article 2162; Uniform Rules of Courts of Appeal, Rule VII, Sec. 5(c), Siracusa v. Kramer, 271 So.2d 546. We therefore proceed to determine whether Applicant’s bond was timely filed in this case.
Our jurisprudence recognizes only one exception to the well established rule that failure to timely file an appeal bond is fatal to an appeal. This exception obtains in those instances where successful objection to the form, sufficiency and substance of a timely filed appeal bond is made after expiration of the delays for posting the appeal bond. LSA-C.C.P. Article 5124 allows a four-day period for curing such defects in an appeal bond, notwithstanding the statutory delay period has previously expired. Evans v. Livingston People’s Gas Corp., 205 So.2d 466 (La.App. 1st Cir. 1967).
We equate the rescission of a forma pauperis order after expiration of the delays for posting an appeal bond to an order declaring a successful objection to the form, sufficiency and substance of an appeal bond, subsequent to expiration of the delays for posting such a bond. We find it would be inequitable to deny a litigant whose right to proceed as an indigent has been rescinded, the same delay to post bond as is permitted an ordinary litigant to cure a defect in a timely posted bond.
In compliance with the trial court’s order of October 29, 1975, Applicant timely moved for a devolutive appeal as an indigent. Through no fault of Applicant, the motion was not heard until the time for perfecting a devolutive appeal had expired. We hold, therefore, that Applicant had four days from the February 27, 1975 judgment rescinding his right to litigate as an indigent, in which to post bond for a devolutive appeal. Having posted bond that same day, Applicant perfected his devolutive appeal.
Notwithstanding Applicant posted a suspensive appeal bond on February 27, 1975, he is not entitled to a suspensive appeal herein. We so hold because Applicant failed to apply for a suspensive appeal within 30 days of the denial of his motion for new trial. LSA-C.C.P. Article 2123.
Applicant’s complaint regarding the trial court’s dismissal of his February 7, 1976 motion to litigate in forma pauperis is patently without merit.
Admittedly, LSA-C.C.P. Article 5181 permits an indigent to prosecute or defend an action in forma pauperis in either the trial or appellate court. However, the jurisdiction of the trial court was divested when Applicant posted his devolutive appeal bond on February 27, 1975. LSA-C. C.P. Article 2088; State Through Department of Highways v. Branch, 262 So.2d 547 (La.App. 3rd Cir. 1972), writ denied, 262 La. 1095, 266 So.2d 222; Adoption of Lindsey, 302 So.2d 925 (La.App. 1st Cir. 1974), writ denied, La., 303 So.2d 492. Under these circumstances, the proper procedure is to move the appellate court for a remand to the trial court for the purpose of hearing *425 Appellant’s motion to be allowed to proceed as an indigent.
Considering Applicant was not authorized to appeal in forma pauperis, he has no ground for complaint regarding his payment of the $25.00 filing fee charged in connection with his application for writs. LSA-R.S. 13:352(2).
The writ applied for is dismissed at Applicant’s cost.